■ EDMOND J. FULLER et al., Appellants, v PATRICK A. BRADY, Respondent. [661 NYS2d 678] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered August 28, 1996, which, upon a jury verdict in favor of the defendant and against them on the issue of liability, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with

costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of liability.

"A party is entitled to a charge on the emergency doctrine when, viewing the proof in the light most favorable to [him] there is a reasonable view of the [proof] that [his] conduct was the product of a sudden and unforeseeable occurrence not of [his] own making" (*Donaldson v Kilgore,* 187 AD2d 1018, 1019; *see, Rivera v New York City Tr. Auth.,* 77 NY2d 322; 1A NY PJI3d 188-189).

Here, no proof was presented from which it could be inferred that the defendant had reason to believe that at the time leading up to the accident he was either faced with or reacting to a sudden emergency situation. In fact, the evidence adduced at trial indicated not only that there were no obstructions in the roadway, no wet or icy patches, and no vehicles which suddenly veered into his path, but also that the defendant had traveled that road on numerous occasions and was very familiar with it. Since the defendant was not entitled to benefit from a charge on the emergency doctrine, the plaintiffs are entitled to a new trial on the issue of liability (*see, Hardy v Sicuranza,* 133 AD2d 138, 139). Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.