■ JUDY SMITH, Appellant, v PERFECTAIRE Co., INC., et al., Respondents. [704 NYS2d 640] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered February 9, 1999, which, upon a jury verdict, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

A party is entitled to an emergency doctrine charge if, under some reasonable view of the evidence, the actor was confronted with a sudden and unforeseen occurrence not of the actor's making (*see, Rivera v New York City Tr. Auth.,* 77 NY2d 322, 327; *Mantuano v Mehale,* 258 AD2d 566; *Barath v Marron,* 255 AD2d 280). An emergency instruction is not proper where the situation is neither sudden nor unexpected or could have been reasonably anticipated in light of the surrounding circumstances (*see, Moore v Bame,* 257 AD2d 716; *Hardy v Sicuranza,* 133 AD2d 138). The plaintiff correctly contends that the icy roadways did not constitute an emergency sufficient to warrant a charge on the emergency doctrine. The defendant driver, whose van struck the plaintiff's car from behind, testified that he knew there was ice on the roadways in the area and therefore took precautions to avoid skidding, including operating the van at a rate of speed no greater than five miles an hour. Accordingly, under the circumstances, the defendants were not entitled to an emergency doctrine charge, and there must be a new trial (*see, Fuller v Brady,* 242 AD2d 522).

In light of the foregoing determination, we do not reach the plaintiff's remaining contentions. Thompson, J. P., Sullivan, Krausman and Smith, JJ., concur.