ROBERT ALEKSIEJUK, Also Known as ROBERT ALEKS, Respondent, v MICHAEL A. PELL et al., Appellants. [752 NYS2d 504] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered September 11, 2001, which denied defendants' motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly denied defendants' motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the motor vehicle accident at issue in this negligence action. Defendants failed to establish their entitlement to judgment as a matter of law "by coming forward with competent proof refuting the allegations of the complaint as amplified by the bill of particulars" (*Balnys v Town of New Baltimore*, 160 AD2d 1136, 1136; *see Rampello v Ferguson*, 280 AD2d 986). According to the bill of particulars, plaintiff sustained three categories of serious injury within the meaning of Insurance Law § 5102 (d), i.e., a permanent loss of use of a body organ, member, function or system; a permanent consequential limitation of use of a body organ or member; and a significant limitation of use of a body function or system. In support of their motion, defendants submitted the affidavit of their examining physician, Svend Gothgen, M.D. Although that physician opined therein that the MRI study of plaintiff's spine is "normal for age," he further acknowledged that plaintiff's treating physicians have conversely opined that plaintiff suffered from disc herniations, muscle weakness and imbalance, radicular symptoms and pain-restricted movements. Moreover, defendants submitted reports of those treating physicians, which include a diagnosis of nerve root encroachment, foraminal stenosis, lumbar disc herniation, possible annular tear, quantified restriction of movement of significant degrees, and expert opinions that those significant

conditions and impairments are causally related to the motor vehicle accident at issue. "In order to prove the extent or degree of physical limitation, an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury * * *. An expert's *qualitative* assessment of a plaintiff's condition may also suffice, provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350). Here, the affidavit of Dr. Gothgen and the reports of plaintiff's treating physicians submitted by defendants acknowledge such quantitative and qualitative diagnoses, and thus defendants' submissions create questions of fact rather than eliminate them. In any event, even assuming, arguendo, that defendants met their initial burden, we conclude that plaintiff raised triable issues of fact to defeat defendants' motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff submitted the affirmation of his treating orthopedic surgeon, who opined that, as a result of the motor vehicle accident at issue, plaintiff must undergo a laminectomy and fusions at multiple levels, and that he has a permanent loss of use of his lumbar spine. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.