■ CAROL STRINGARI, Respondent, v PEERLESS IMPORTERS, INC., et al., Appellants. [757 NYS2d 554] —Order, Supreme Court, New York County (Milton Tingling, J.), entered November 21, 2002, which granted plaintiff's motion for partial summary judgment as to liability, unanimously affirmed, without costs.

Plaintiff, by demonstrating that defendants' moving car struck head-on into her and her parked car, made out a prima facie case of negligence (see Johnson v Phillips, 261 AD2d 269, 271 [1999]). The burden then shifted to the defense to "provide a nonnegligent explanation, in evidentiary form, for the collision" (id.). Defendants failed to sustain that burden. Wet, slippery roadway conditions do not, alone, constitute an adequate non-negligent explanation, absent proof that the condition was unanticipated (see Smith v Perfectaire Co., 270 AD2d 410 [2000]). The record warrants the inference, as a matter of law,

that defendant driver knew the road from previous visits, was aware that the road curved, knew or should have known that the pavement was slushy, admittedly knew that oncoming cars were driving toward the center meridian line, and therefore should have anticipated the circumstances causing the skid, which he admitted in deposition to have been the cause of the accident. We have considered defendants' remaining arguments, including that as to comparative negligence, and find them unavailing. Concur—Tom, J.P., Saxe, Williams, Lerner and Marlow, JJ.