■ THOMAS CASCIO et al., Appellants, v RICHARD METZ et al., Respondents. [759 NYS2d 502] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) a judg-

ment of the Supreme Court, Westchester County (Lefkowitz, J.), entered June 28, 2001, which, upon a jury verdict, is in favor of the defendant John O'Leary and against them dismissing the complaint insofar as asserted against him, and (2) a judgment of the same court, entered July 23, 2001, which, upon the same verdict, is in favor of the defendant Richard Metz and against them dismissing the complaint insofar as asserted against him.

Ordered that the judgments are reversed, on the law, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

This action arises out of a motorcycle accident which occurred on the New Jersey Turnpike. A group of seven motorcyclists rode together in staggered formation in the right southbound lane of traffic. The riders were alternately located on either the right- or left-hand side of the right lane, separated 50 feet from one another. The testimony at trial established that overlapping layers of asphalt, which the parties referred to at trial as "road seams," are a common hazard to motorcyclists because they can cause the rider to lose control of the motorcycle. The defendant Richard Metz, who was the second rider in the formation, was aware of the presence of a continuous road seam on the New Jersey Turnpike which ran underneath the dashed line separating the right and left lanes of travel. The dashed line was about 18 inches to his left. At a curve in the road, the road seam drifted into the path of Metz' motorcycle. Metz drove over it, causing him to lose control of his motorcycle and fall to the ground. Metz testified that about 30 feet prior to his fall, he saw the road seam begin drifting into the right lane.

The injured plaintiff (hereinafter the plaintiff), who was the fourth rider in formation, adjusted his position within the right lane to avoid contacting Metz or his motorcycle. He was struck from behind by the motorcycle driven by the defendant John O'Leary, causing him to fall to the ground and sustain injuries.

O'Leary testified that he did not see Metz lose control of his motorcycle and crash. He saw the plaintiff's brake lights go on when the plaintiff was approximately 100 feet ahead of him. O'Leary applied his brakes, but was unable to bring his motorcycle to a stop. O'Leary did not recall coming into contact with the plaintiff's motorcycle, but the rider following behind him testified that O'Leary's motorcycle slid and contacted the plaintiff's motorcycle, causing him to fall.

The plaintiffs commenced this action, inter alia, to recover damages for personal injuries. At the trial, the Supreme Court

gave an emergency doctrine instruction over the plaintiffs' objection. The jury found that the defendants were not negligent. We reverse.

A party is entitled to a charge on the emergency doctrine when, viewing the evidence in the light most favorable to that party, there is a reasonable view of the evidence that his or her conduct was the product of a sudden and unforeseeable occurrence not of his or her own making (*see Caristo v Sanzone,* 96 NY2d 172, 175 [2001]; *Rivera v New York City Tr. Auth.,* 77 NY2d 322, 326-327 [1991]; *Fuller v Brady,* 242 AD2d 522 [1997]).

It is evident from the testimony of the defendant Metz that the road seam was a known, foreseeable hazard which he in fact observed enter his path prior to the accident. Metz failed to adequately respond to the danger. Therefore, he was not entitled to an emergency instruction (*see Caristo v Sanzone, supra; Gadon v Oliva,* 294 AD2d 397 [2002]).

O'Leary was not entitled to the emergency doctrine charge because the situation with which he was confronted was partially of his own making. He negligently failed to observe traffic conditions on the road ahead of him. Where a defendant driver fails to be aware of the potential hazards presented by traffic conditions, including stoppages caused by accidents up ahead, the emergency doctrine is inapplicable (*see Muye v Liben,* 282 AD2d 661 [2001]; *Pappas v Opitz,* 262 AD2d 471 [1999]; *Pincus v Cohen,* 198 AD2d 405, 406 [1993]).

The plaintiffs therefore are entitled to a new trial. S. Miller, J.P., Krausman, Luciano and Mastro, JJ., concur.