■ RICKI J. HARPER et al., Respondents, v L.J. CORSARO, JR., et al., Appellants, et al., Defendants. [761 NYS2d 565] —Appeal from an order of Supreme Court, Erie County (Rath, Jr., J.), entered September 16, 2002, which denied the motion of defendants L.J. Corsaro, Jr., New York Telephone Company, NYNEX Corporation and Bell Atlantic Corporation seeking summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly denied the motion of L.J. Corsaro, Jr., New York Telephone Company, NYNEX Corporation and Bell Atlantic Corporation (defendants) seeking summary judgment dismissing the complaint against them. According to defendants, Ricki J. Harper (plaintiff) was negligent in making a left-hand turn from the center lane of a one-way street, and her negligence was the sole proximate cause of the collision between her vehicle and the vehicle driven by Corsaro. In support of their motion, however, defendants provided the deposition testimony of plaintiff and her daughter, who was a passenger in plaintiff's vehicle, both of whom testified that plaintiff's vehicle was in the left lane when plaintiff made a left-hand turn. Thus, defendants failed to meet their initial burden of "tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Although the deposition testimony of plaintiff conflicts with previous accounts given by her, "[a]ny inconsistencies in * * * [her] accounts of the incident go to the weight of the evidence, not its competence, and the value to be accorded to the evidence is a matter for resolution by the trier of fact" (*Alvarez v New York City Hous. Auth.,* 295 AD2d 225, 226 [2002]). We further conclude that defendants failed to establish as a matter of law that NYNEX Corporation and Bell Atlantic Corporation are improper parties, and thus the court properly refused to dismiss the complaint against those defendants on that ground (*see Zuckerman,* 49 NY2d at 562). Present—Green, J.P., Hurlbutt, Scudder, Burns and Hayes, JJ.