■ MARY REAGAN-DAILEY, ESQ., as Guardian ad Litem for RAYSHAWN JILES, an Infant, Respondent, v MILTON McNICHOL, M.D., Appellant, et al., Defendant. [765 NYS2d 105] —Appeal from an order of Supreme Court, Onondaga County (Centra, J.), entered May 30, 2002, which, inter alia, denied the cross motion of defendant Milton McNichol, M.D. for partial summary judgment dismissing certain claims against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: This medical malpractice action was commenced to recover damages for injuries that Rayshawn Jiles sustained at birth. Supreme Court properly denied the cross motion of Milton McNichol, M.D. (defendant), the physician who delivered the infant, for partial summary judgment dismissing, against him, "all claims relating to the prenatal period" and, more particularly, the allegations contained in the plaintiff's bill of particulars at four specified subparagraphs. Contrary to defendant's contention, plaintiff does not allege that defendant committed acts of malpractice during the prenatal period. Instead, plaintiff alleges that defendant failed to read the prenatal medical records, and to understand their implications, at the time of labor and delivery. Defendant's submissions do not refute those allegations, and thus defendant failed to establish his entitlement to judgment as a matter of law dismissing the claims and allegations at issue (*see Aleksiejuk v Pell*, 300 AD2d 1066 [2002]). Because defendant did not sustain his initial burden on the cross motion, we do not consider the sufficiency of plaintiff's showing in opposition (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Gentile v University of Rochester Med. Ctr.*, 292 AD2d 874 [2002]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.