*925 Appeal and cross appeal from an order of Supreme Court, Onondaga County (Murphy, J.), entered July 1, 2002, which, inter alia, denied defendant’s motion seeking summary judgment dismissing the complaint and denied in part plaintiffs’ motion seeking summary judgment.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendant’s motion in part and dismissing the complaint with respect to the category of serious injury of permanent loss of use of a body organ, member, function or system within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Patricia A. Leahey (plaintiff) when the vehicle she was driving collided with a vehicle driven by defendant. Plaintiffs appeal and defendant cross-appeals from an order denying that part of plaintiffs’ motion seeking summary judgment on liability and dismissal of the affirmative defense of comparative negligence and denying defendant’s motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Supreme Court properly denied that part of defendant’s motion with respect to the categories of significant limitation of use of a body function or system and permanent consequential limitation of use of a body organ or member. With respect to those two categories of serious injury, “[wjhether a limitation of use or function is significant or consequential (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part” (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002] [internal quotation marks omitted]). There must be objective proof of a plaintiff’s injury (see id. at 350). In addition, the expert must provide either “a numeric percentage of a plaintiffs loss of range of motion” or a “qualitative assessment of a plaintiffs condition . . ., provided that the evaluation has an objective basis and compares the plaintiffs limitations to the normal function, purpose and use of the affected body organ, *926 member, function or system” (id.). Although defendant met her initial burden, plaintiffs raised triable issues of fact by submitting the affidavits of plaintiffs physician and chiropractor, along with their accompanying reports. Both doctors relied upon objective evidence to support their findings and provided numeric percentages of plaintiffs loss of range of motion as well as qualitative assessments of plaintiffs condition. They opined that plaintiffs injuries were permanent, and plaintiff’s chiropractor opined that plaintiffs injuries were significant.
The court also properly denied that part of defendant’s motion with respect to the 90/180 category of serious injury. With respect to that category, there must be evidence that plaintiffs activities were curtailed to a great extent (see Licari v Elliott, 57 NY2d 230, 236 [1982]; Sands v Stark, 299 AD2d 642, 642-643 [2002]). In addition, there must be objective evidence of “a medically determined injury or impairment of a non-permanent nature” (Insurance Law § 5102 [d]; see Nitti v Clerrico, 98 NY2d 345, 357 [2002]; Sands, 299 AD2d at 642-643). We conclude, based on the evidence in the record before us, that there is a triable issue of fact with respect to that category of serious injury.
We further conclude, however, that the court erred in denying that part of defendant’s motion with respect to the category of permanent loss of use of a body organ, member, function or system. Plaintiffs concede on appeal that plaintiff did not sustain a serious injury under that category, and thus we modify the order accordingly.
Finally, the court properly denied that part of plaintiffs’ motion seeking summary judgment on liability and dismissal of the affirmative defense of comparative negligence. Although plaintiffs established that defendant was negligent based on her violation of Vehicle and Traffic Law § 1123 (b) (see generally McKenna v Ether, 177 AD2d 756, 759 [1991]), they failed to establish that plaintiff was not negligent or that her negligence, if any, was not a proximate cause of the accident (cf. Webber v Bleiler, 270 AD2d 933 [2000]). Plaintiff made a left-hand turn in front of defendant’s vehicle, and she offered no explanation for her failure to see defendant’s vehicle on the shoulder of the highway. Moreover, plaintiffs failed to establish that plaintiff sustained a serious injury as a matter of law, a necessary element of a finding of liability (see Ruzycki v Baker, 301 AD2d 48, 51-52 [2002]). Plaintiffs thus failed to meet their initial burden of establishing their entitlement to judgment on liability or to dismissal of the affirmative defense of comparative negligence. Present—Pigott, Jr., PJ., Pine, Hurlbutt, Kehoe and Hayes, JJ.