■ WILLIAM AMENDOLACE, Respondent, v CITY OF NEW YORK et al., Defendants, and MICHAEL GRAZIUSO, Appellant. (And a Third-Party Action.) [768 NYS2d 642]—

In an action to recover damages for personal injuries, the defendant Michael Graziuso, as executor of the estate of Louis Graziuso, appeals from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated October 8, 2002, as denied that branch of his motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when he slipped and fell on snow or ice on the sidewalk in front of a building owned by Louis Graziuso and leased to the third-party defendant, Ademco Distribution, Inc.

Absent a duty imposed by statute, an owner of property is under no duty to pedestrians to remove naturally accumulated snow and ice from the sidewalk in front of his or her building and cannot be held liable unless his or her negligence increased the hazard inherent in the natural accumulation (*see Roark v Hunting*, 24 NY2d 470 [1969]; *Stewart v Yeshiva Nachlas Haleviym*, 186 AD2d 731 [1992]).

Here, summary judgment was properly denied to the defendant building owner. Issues of fact exist as to who, if anyone, performed snow and ice removal in front of the subject premises, whether such removal was performed around the time of the plaintiff's fall and whether such removal was performed negligently, thereby increasing the hazard inherent in the natural accumulation. Michael Graziuso, Louis Graziuso's son and executor who has been substituted as a defendant on his behalf, testified during an EBT that a maintenance company sometimes performed snow removal on the sidewalk in front of the premises as a favor. Therefore, it is possible that the building owner could be found liable for the plaintiff's injuries because liability for the acts of another is not dependent upon the strict relationship of master and servant but upon the relationship of a similar nature, where one acts for another, at his or her request, express or implied, for his or her benefit and under his or her direction. Under such circumstances, the negligence of the agent is the negligence of the principal (*see Nalli v Peters,* 241 NY 177 [1925]). Prudenti, P.J., S. Miller, H. Miller and Adams, JJ., concur.