■ GAIL A. STOKES et al., Respondents, v MICHAEL C. BROWN, II, Appellant. [770 NYS2d 500]—

Appeal from an order of Supreme Court, Niagara County (Boniello, III, J.), entered January 15, 2003, which denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the claim of plaintiff Bobbi A. Stokes under the 90/180 category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: In this action to recover for injuries allegedly sustained by plaintiffs in a motor vehicle accident, defendant appeals from an order denying his motion for summary judgment dismissing the complaint. In seeking summary judgment, defendant argued that, as a matter of law, neither plaintiff sustained a serious injury under the "significant limitation of use," "permanent consequential limitation of use," or "90/180" categories of the No-Fault Law (*see* Insurance Law § 5102 [d]). Plaintiffs' claims under the "permanent loss" category of serious injury apparently have been abandoned (*see Parkhill v Cleary,* 305 AD2d 1088, 1090 [2003]; *Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]).

Supreme Court properly denied summary judgment to defendant on the claims that plaintiff Gail A. Stokes suffered a significant limitation of use of a body function or system, a permanent consequential limitation of use of a body organ or member, or a medically determined injury or impairment of a nonpermanent nature that prevented her from performing substantially all of her daily activities for not less than 90 of the 180 days immediately following the accident. Defendant failed to demonstrate that Gail suffered only "a mild, minor or slight limitation of use" (*King v Johnston,* 211 AD2d 907, 907 [1995], citing *Gaddy v Eyler,* 79 NY2d 955, 957 [1992]; *see Anderson v Persell,* 272 AD2d 733, 734 [2000]; *Delaney v Lewis,* 256 AD2d 895, 897 [1998]); that the injuries to Gail's lumbar and cervical spine were not permanent (*cf. Parkhill,* 305 AD2d at 1089; *Sewell v Kaplan,* 298 AD2d 840 [2001]); or that Gail's activities were not curtailed to a great extent during the statutory period (*see Parkhill,* 305 AD2d at 1089-1090; *see also Licari v Elliott,* 57 NY2d 230, 236 [1982]). Because defendant failed to meet his initial burden, the motion was properly denied "regardless of the sufficiency of" Gail's papers in opposition (*Winegrad v New*

*York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *see Gray v Lasurdo,* 302 AD2d 560 [2003]). Even assuming, arguendo, that defendant met his initial burden, we conclude that Gail raised triable issues of fact concerning whether she sustained a serious injury under the foregoing categories (*see Leahey v Fitzgerald,* 2 AD3d 924 [2003]).

Similarly, we conclude that defendant failed to meet his burden of demonstrating that plaintiff Bobbi A. Stokes did not sustain a serious injury under the "significant limitation of use" and "permanent consequential limitation of use" categories of the No-Fault Law. Assuming, arguendo, that defendant met his burden, we conclude that Bobbi raised triable issues of fact with regard to the seriousness of the injury to her temporal mandibular joints (*see Aleksiejuk v Pell,* 300 AD2d 1066, 1066-1067 [2002]). However, we conclude that defendant demonstrated his entitlement to judgment as a matter of law dismissing Bobbi's claim under the 90/180 category of the No-Fault Law. Defendant established that Bobbi missed no time from work or school as a result of her injuries and that she was not prevented from performing substantially all of her daily activities during the statutory period (*see Ranasinghe v DelRosso,* 305 AD2d 654 [2003]; *Davis v Evan,* 304 AD2d 1023, 1025-1026 [2003]). In opposition, Bobbi failed to raise an issue of fact warranting a trial of that claim (*see Buster v Parker,* 2 AD3d 659 [2003]; *Parkhill,* 305 AD2d at 1089-1090). We therefore modify the order by granting defendant's motion in part and dismissing Bobbi's claim under the 90/180 category of the No-Fault Law. Present—Pine, J.P., Wisner, Kehoe, Gorski and Lawton, JJ.