■ TREMEEKA CUMMINGS, Appellant, v PETER B. RIEDY, JR., Respondent. [771 NYS2d 629]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered March 3, 2003. The order granted defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint with respect to the significant limitation of use of a body function or system and 90/180 categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when a vehicle driven by defendant struck her vehicle. She appeals from an order granting defendant's motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the motor vehicle accident. We agree with plaintiff that Supreme Court erred in granting defendant's motion with respect to the significant limitation of use of a body function or system category of serious injury as well as the 90/180 category but conclude that the court properly granted defendant's motion with respect to the categories of permanent loss of use of a body organ, member, function or system and permanent consequential limitation of use of a body organ or member. With respect to the latter two categories, we conclude that defendant met his initial burden and that plaintiff failed to raise an issue of fact whether she sustained a permanent, i.e., total, loss of use of her cervical and thoracic spine (see *Oberly v Bangs Ambulance,* 96 NY2d 295, 299 [2001]). Although her treating chiropractor stated in his affidavit that, based upon his treatment of plaintiff and objective tests he performed, plaintiff sustained a permanent limitation of use of her cervical and thoracic spine, he described the permanent limitation as "minimal to mild," which is insufficient to sustain a claim of serious injury (see *Licari v Elliott,* 57 NY2d 230, 236 [1982]).

We conclude, however, that the affidavit of plaintiff's treating chiropractor is sufficient to raise an issue of fact whether plaintiff sustained a significant limitation of use of her cervical and thoracic spine. He stated therein that palpation revealed subluxation along the cervical spine and that plaintiff's left lateral flexion of the cervical spine was diminished by 5 to 10

degrees, which limited the ability of plaintiff to sleep, to keep her head in a sustained position, to use her arms over her head and to push or pull with her upper extremities for at least 10 months following the accident. We conclude that the "qualitative [assessment] of plaintiff's limitations based on the normal function, purpose and use" of her cervical and thoracic spine is sufficient to raise an issue of fact with respect to that category of serious injury (*Manzano v O'Neil,* 98 NY2d 345, 355 [2002], *rearg denied* 98 NY2d 728 [2002]), and we therefore modify the order accordingly.

With respect to the 90/180 category, we conclude that defendant failed to meet his initial burden of establishing his entitlement to judgment as a matter of law. Defendant submitted the deposition testimony of plaintiff in which she testified that she was out of work on her doctor's orders for approximately 3½ months and that while out of work she "was either in [her] bed or on [her] couch." Her fiancé, with whom she lived, performed all of the household chores. Plaintiff further testified that she exercised regularly at a health club prior to the accident and did not resume exercising for approximately three years. Thus, we conclude that defendant failed to meet his initial burden of "tendering sufficient evidence to eliminate any material issues of fact from the case" with respect to the 90/180 category (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Harper v Corsaro,* 306 AD2d 838, 839 [2003]), and we therefore further modify the order accordingly. Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.