CYNTHIA ZEIGLER, Respondent-Appellant, v JALALA L. RAMADHAN et al., Appellants-Respondents. [774 NYS2d 211]—

Appeals and cross appeal from an order of the Supreme Court, Erie County (Barbara Howe, J.), entered September 26, 2002. The order granted in part defendants' motions for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained in a motor vehicle accident. Plaintiff was a passenger in a vehicle operated by defendant Paul Cameron and owned by defendant Marion G. Cameron's decedent, Henry Cameron (collectively, Cameron defendants), that was struck by a vehicle owned by defendant Ezaldeen Ramadhan, Jr. and operated by defendant Jalala L. Ramadhan (collectively, Ramadhan defendants). The Cameron defendants moved for summary judgment dismissing the amended complaint against them on the grounds that Paul Cameron was not negligent and that plaintiff did not sustain a qualifying serious injury under Insurance Law § 5102 (d). The Ramadhan defendants also moved for summary judgment dismissing the amended complaint against them on the ground that plaintiff did not sustain a qualifying serious injury. Supreme Court denied the motion of the Cameron defendants insofar as it sought summary judgment on negligence; denied the motions of all defendants insofar as they sought summary judgment on the 90/180 category of serious injury; but otherwise granted the mo-

tions of all defendants dismissing the claims that plaintiff sustained a permanent loss of use of a body organ, member, function or system, a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a body function or system. Defendants appeal from that part of the order denying those parts of their motions for summary judgment dismissing plaintiff's claim under the 90/180 category of serious injury and plaintiff cross-appeals from that part of the order granting those parts of defendants' motions for summary judgment dismissing her claims under the other two categories of serious injury. We affirm.

Initially, we note that, although plaintiff properly perfected her cross appeal by December 31, 2003, her responding brief on defendants' appeals was due on or before October 23, 2003. Plaintiff did not serve and file that responding brief until December 30 and 31, 2003, respectively, and thus plaintiff has failed to comply with the scheduling order of this Court issued September 18, 2003 (*see* 22 NYCRR 1000.10 [a]). Because plaintiff did not move for an extension of time to respond (*see* 22 NYCRR 1000.13 [h]), we disregard that portion of plaintiff's brief submitted as a response to defendants' appeals. In any event, however, we conclude that the court properly denied those parts of defendants' motions for summary judgment dismissing the claim of serious injury under the 90/180 category.

To qualify as a serious injury under the 90/180 category, "there must be objective evidence of 'a medically determined injury or impairment of a non-permanent nature' " (*Leahey v Fitzgerald*, 1 AD3d 924, 926 [2003], quoting Insurance Law § 5102 [d]; *see Nitti v Clerrico*, 98 NY2d 345, 357 [2002]) as well as "evidence that plaintiff's activities were curtailed to a great extent" (*Leahey*, 1 AD3d at 926; *see Licari v Elliott*, 57 NY2d 230, 236 [1982]). Defendants submitted evidence that plaintiff suffered a cervicolumbar strain, which was verified through objective diagnostic testing and manifested itself in objectively verifiable symptoms including, among others, spasms. Thus, defendants' own submissions raise a triable issue of fact whether plaintiff suffered a qualifying injury under the 90/180 category (*see e.g. Bowen v Dunn*, 306 AD2d 929 [2003]; *Temple v Doherty*, 301 AD2d 979, 982-983 [2003]). The evidence submitted by defendants also establishes that plaintiff missed approximately four months of work, and thus defendants' own submissions raise a triable issue of fact whether plaintiff was prevented from performing her usual and customary activities during the requisite time period (*see McCabe v Boyce*, 2 AD3d 1375 [2003]; *Temple*, 301 AD2d at 983; *cf. Parkhill v Cleary*, 305 AD2d 1088, 1089-1090 [2003]).

We further conclude, however, that defendants met their burden of establishing that plaintiff did not suffer a serious injury under either the permanent loss of use or the permanent consequential or significant limitation of use categories. Defendants submitted evidence that all of plaintiff's testing placed plaintiff's range of motion within normal limits (*see Gaddy v Eyler*, 79 NY2d 955, 957 [1992]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]). The unsworn, unsigned affidavit of plaintiff's physician is insufficient to raise a triable issue of fact (*see Buonaiuto v Shulberg*, 254 AD2d 384, 385 [1998]), and plaintiff's other submissions also fail to raise a triable issue of fact (*see Gaddy*, 79 NY2d at 957). Present—Pine, J.P., Wisner, Scudder, Kehoe and Lawton, JJ.