HERBERT GREEN, Respondent, v THERESA G. ROSS, as Administrator of the Estate of NANCY GLANOWSKI, Deceased, Appellant. [775 NYS2d 709]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered February 26, 2003. The order denied defendant's motion for summary judgment, granted plaintiff's

cross motion for partial summary judgment and granted judgment in favor of plaintiff on the issue of liability.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion and vacating the third ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he was struck by a vehicle operated by Nancy Glanowski (decedent) as he was walking near the entrance of the Broadway Market in Buffalo. Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint. Defendant's own submissions contain conflicting medical evidence whether plaintiff sustained a serious injury under the 90/180 category of Insurance Law § 5102 (d). Consequently, "defendant failed to meet [her] initial burden of 'tendering sufficient evidence to eliminate any material issues of fact from the case' with respect to the 90/180 category" (*Cummings v Riedy*, 4 AD3d 811, 813 [2004], quoting *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Harper v Corsaro*, 306 AD2d 838, 839 [2003]). In any event, plaintiff submitted evidence establishing that he sustained a medically determined injury and was prevented "from performing substantially all of the material acts which constitute [his] usual and customary daily activities" for at least 90 out of the 180 days immediately following the accident, thus raising a triable issue of fact (Insurance Law § 5102 [d]).

The court erred, however, in determining that decedent's negligence was the sole proximate cause of the accident, and thus erred in granting plaintiff's cross motion for partial summary judgment on the issue of negligence. The evidence submitted by defendant establishes that decedent admitted that she did not see plaintiff before striking him from behind with her vehicle. However, plaintiff failed to establish where he was walking when he was struck. Consequently, triable issues of fact exist whether decedent's negligence was the sole proximate cause of the accident, and we modify the order accordingly (*cf. Kelsey v Degan*, 266 AD2d 843 [1999]). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.