■ EDWIN HALSEY, Appellant, v ROCHESTER-GENESEE RE-GIONAL TRANSPORTATION AUTHORITY, Individually and Doing Business as REGIONAL TRANSIT SERVICE, INC., Respondent. [775 NYS2d 706]—

Appeal from an order and judgment (one document) of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered May 16, 2003. The order and judgment granted defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the complaint is reinstated.

Memorandum: In this action to recover for a serious injury allegedly sustained by plaintiff when he fell after boarding a bus owned and operated by defendant, plaintiff appeals from an order and judgment granting defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a medically determined injury or impairment of a nonpermanent nature that prevented him from performing substantially all of the material acts that constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see* Insurance Law § 5102 [d]). We conclude that Supreme Court erred in granting defendant's motion on that ground. Defendant failed to meet its initial burden of establishing that there is no objective evidence to support the allegations of plaintiff that he sustained a serious injury (*see Stokes v Brown,* 2 AD3d 1373 [2003]; *O'Neal v Cancilla,* 294 AD2d 921, 921-922 [2002], citing *Brown v Wagg,* 280 AD2d 891 [2001], *lv denied* 96 NY2d 711 [2001]). Defendant submitted plaintiff's medical records and the reports of plaintiff's treating physician, but those documents set forth objective medical evidence of an injury and a quantification of the resultant limitation (*see O'Neal,* 294 AD2d at 922; *Testa v Allen,* 289 AD2d 958 [2001]) and further tend to show the requisite severity and duration of limitation (*see* § 5102 [d]; *see also Gaddy v Eyler,* 79 NY2d 955, 958 [1992]; *Licari v Elliott,* 57 NY2d 230, 236 [1982]). The failure of defendant to meet its initial burden necessitates the denial of the motion " 'regardless of the sufficiency of' [plaintiff's] papers in opposition" (*Stokes,* 2 AD3d at 1374). Even assuming, arguendo, that defendant met its initial burden on the motion, we conclude that plaintiff raised a triable issue of fact concerning whether he sustained a serious injury under the 90/180 category (*see id.;*

*Leahey v Fitzgerald,* 1 AD3d 924, 926 [2003]; *Pagels v P.V.S. Chems.,* 266 AD2d 819 [1999]). Present—Green, J.P., Pine, Kehoe, Gorski and Hayes, JJ.