TINA RIENZO, Respondent, v SHERI LA GRECO, Appellant. [784 NYS2d 743]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered December 17, 2003. The order, insofar as appealed from, denied in part defendant's motion for summary judgment dismissing the amended complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that she allegedly sustained as the result of a motor vehicle accident involving a vehicle owned by defendant. She alleges that she sustained a serious injury under three of the categories set forth in Insurance Law § 5102 (d). Supreme Court properly denied those parts of defendant's motion that sought to dismiss the claims that plaintiff sustained a serious injury with respect to the 90/180 category and the permanent consequential limitation of use of a body organ or member category.

In support of her motion, defendant submitted, inter alia, plaintiff's deposition testimony and the affidavit and report of the physician who conducted the independent medical examination of plaintiff. The physician described plaintiff's injuries as "mild in nature," but nevertheless acknowledged that plaintiff has recurring back pain with intermittent radiculopathy and "mildly diminished" range of motion. The deposition testimony of plaintiff establishes that her "activities were curtailed to a great extent" with respect to her job as a dental assistant (*Parkhill v Cleary*, 305 AD2d 1088, 1090 [2003]), which she is no longer able to perform, and with respect to household duties and recreational activities. We therefore conclude that "defendant[ ] failed to meet [her] initial burden of 'tendering sufficient evidence to eliminate any material issues of fact from the case' " with respect to the 90/180 category (*Harper v Corsaro*, 306 AD2d 838, 839 [2003]; *see Green v Ross*, 6 AD3d 1199 [2004]; *Zeigler v Ramadhan*, 5 AD3d 1080, 1081 [2004]).

With respect to the claim that plaintiff sustained a permanent consequential limitation of use of a body organ or member, we conclude that defendant met her initial burden on that part of the motion. We further conclude, however, that plaintiff raised an issue of fact sufficient to defeat that part of the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562

[1980]). Plaintiff submitted an affidavit of her treating physician wherein he states that he felt a subcutaneous mass that was very tender to palpation, which he determined to be an episacral lipoma caused by the motor vehicle accident, and that the lipoma causes plaintiff "considerable pain" upon movement and prevents her from bending more than 90 degrees. Although surgery could remove the lipoma, there is no guarantee that the symptoms would be alleviated. The physician described plaintiff's condition as permanent and provided both quantitative and qualitative evidence of plaintiff's limitations (*see Manzano v O'Neil,* 98 NY2d 345, 355 [2002], *rearg denied* 98 NY2d 728 [2002]; *Parkhill,* 305 AD2d at 1089). Present—Scudder, J.P., Kehoe, Gorski and Hayes, JJ.