■ CHRISTOPHER J. MATTE, Respondent, v RACHEL L. HALL, Appellant. [798 NYS2d 829]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered December 3, 2004. The order denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for partial summary judgment on the issue of negligence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint and granted plaintiff's cross motion for partial summary judgment on the issue of negligence. It is undisputed that the accident at issue herein occurred when defendant was attempting to merge her vehicle onto a highway from an on-ramp. Defendant's vehicle hit some ice, spun onto the highway, hit a guardrail and then came to a stop in the left lane of travel. The vehicle operated by plaintiff was traveling in the left lane, and a head-on collision occurred.

Contrary to the contention of defendant, the court properly

denied that part of her motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). With respect to two of the three categories of serious injury alleged by plaintiff, i.e., the permanent consequential limitation of use and significant limitation of use categories, we note that "[w]hether a limitation of use or function is significant or consequential (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353 [2002] [internal quotation marks omitted]; *see Leahey v Fitzgerald*, 1 AD3d 924, 925 [2003]; *Parkhill v Cleary*, 305 AD2d 1088, 1089 [2003]). "There must be objective proof of a plaintiff's injury" (*Leahey*, 1 AD3d at 925; *see Toure*, 98 NY2d at 350), and a physician's "designation of a numeric percentage of a plaintiff's loss of range of motion can be used to substantiate a claim of serious injury" (*Toure*, 98 NY2d at 350). Here, defendant herself submitted documents in support of her motion containing the requisite quantitative assessment. Thus, defendant failed to meet her burden with respect to those two categories of serious injury, regardless of the sufficiency of plaintiff's opposition thereto (*see Halsey v Rochester-Genesee Regional Transp. Auth.*, 6 AD3d 1221 [2004]).

Defendant also failed to meet her initial burden with respect to the third category of serious injury alleged by plaintiff, i.e., the 90/180 category. Defendant submitted the certified report of the physician who conducted the independent medical examination of plaintiff, and he indicated therein that plaintiff missed at least three months of work before returning to light duty (*see Leahey*, 1 AD3d at 926). In addition, defendant submitted reports of plaintiff's treating physician setting forth quantitative losses in plaintiff's range of motion based on physical examinations of plaintiff (*see id.*).

Contrary to the further contention of defendant, the court properly denied that part of her motion seeking summary judgment dismissing the complaint on the ground that she was not negligent as a matter of law and properly granted plaintiff's motion for partial summary judgment on the issue of negligence. "It is well settled that [a] driver faced with a vehicle careening across the highway directly into his path is not liable for [his] failure to exercise the best judgment or for any error[s] of judgment on [his] part" (*Wasson v Szafarski*, 6 AD3d 1182, 1183 [2004] [internal quotation marks omitted]). Here, plaintiff demonstrated that defendant's "moving [vehicle] struck head-on

into [his vehicle]," and thus plaintiff "made out a prima facie case of negligence" (*Stringari v Peerless Importers*, 304 AD2d 413, 413 [2003]). Defendant failed to meet her burden of providing "a non-negligent explanation, in evidentiary form, for the collision" (*Johnson v Phillips*, 261 AD2d 269, 271 [1999]). "Wet, slippery roadway conditions do not, alone, constitute an adequate non-negligent explanation, absent proof that the condition was unanticipated" (*Stringari*, 304 AD2d at 413; *see Smith v Perfectaire Co.*, 270 AD2d 410 [2000]). Here, the only explanation offered by defendant was that she skidded on ice and lost control of her vehicle, but she failed to submit any evidence that the condition of the road was unanticipated. Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.