ANN S. BRANNAN, Respondent, v GEORGE W. BROWNSELL, III, et al., Appellants. [804 NYS2d 217]—

Appeal from an order of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered March 11, 2005. The order denied defendants' motion seeking summary judgment dismissing the complaint and granted plaintiff's cross motion for partial summary judgment on the issue of negligence.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle in which she was a passenger was struck from behind by a vehicle owned by defendant George W. Brownsell, III and operated by defendant Jessica M. Brownsell. Supreme Court properly denied defendants' motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). With respect to the "loss of a fetus" category of serious injury (id.), defendants met their initial burden by submitting the affidavit of their expert obstetrician/gynecologist. The affidavit of plaintiff's treating obstetrician/gynecologist, however, raises a triable issue of fact whether plaintiff suffered the loss of a fetus. Although defendants also met their initial burden with respect to the three remaining categories of serious injury alleged by plaintiff, i.e., the permanent consequential limitation of use, significant limitation of use and 90/180 categories, plaintiff raised triable issues of fact whether the injuries to her lumbar and cervical spine qualify under those categories (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). With respect to the permanent consequential limitation of use and significant limitation of use categories, plaintiff submitted the affirmation of her physician in which he relied upon objective proof of plaintiff's injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Matte v Hall, 20 AD3d 898, 899 [2005]), "provided numeric percentages of plaintiff's loss of range of motion as well as qualitative assessments of plaintiff's condition" and concluded that plaintiff's injuries were significant and permanent (Leahey v Fitzgerald, 1 AD3d 924, 926 [2003]). Further, plaintiff's physician concluded that plaintiff was disabled from working for four months following the accident, when she was cleared to return to light duty, and thus plaintiff raised an issue of fact with respect to the 90/180 category (see Matte, 20 AD3d at 899; Zeigler v Ramadhan, 5 AD3d 1080, 1081 [2004]; see also Leahey, 1 AD3d at 926). Finally, we conclude that the evidence

submitted by defendants in support of their motion is insufficient to shift the burden to plaintiff on the issue whether the injury to her lumbar and cervical spine allegedly sustained in the accident was a preexisting injury (*see Pommells v Perez*, 4 NY3d 566, 577-578 [2005]; *cf. Franchini v Palmieri*, 1 NY3d 536, 537 [2003]). Present—Pigott, Jr., P.J., Green, Hurlbutt, Gorski and Smith, JJ.