■ TIMOTHY M. FLANAGAN, JR., Appellant, v JOHN D. KLEIN et al., Respondents. [825 NYS2d 895]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered December 1, 2005 in personal injury action. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the significant limitation of use of a body function or system, permanent consequential limitation of use of a body organ or member, and 90/180 categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for personal injuries arising from an automobile accident, and appeals from an order granting defendants' motion for summary judgment dismissing the complaint. We agree with plaintiff that Supreme Court erred in granting the motion in its entirety. The complaint, as amplified by the bill of particulars, alleged that plaintiff sustained a serious injury under four of the categories set forth in Insurance Law § 5102 (d), to wit, the permanent loss of use, significant limitation of use, permanent consequential limitation of use, and the 90/180 categories. We note that, inasmuch as plaintiff does not contend on appeal that the court erred in dismissing his claim of serious injury under the permanent loss of use category, he is deemed to have abandoned that claim (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

Contrary to the contention of defendants, they failed to meet their initial burden of establishing their entitlement to judgment as a matter of law with respect to the 90/180 category of serious injury (*see Winslow v Callaghan*, 306 AD2d 853, 853-854 [2003]). We therefore modify the order accordingly.

With respect to the remaining two categories of serious injury, defendants met their initial burden of establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by submitting the affirmation of the physician who performed a medical examination of plaintiff on behalf of defendants. That physician opined that plaintiff has no ongoing disability or medical restrictions that are causally related to the accident. In opposition, however, plaintiff submitted evidence consisting of medical evidence containing objective medical findings and diagnostic tests indicating that plaintiff sustained a qualifying injury (*see Tankersley v Szesnat*, 235 AD2d 1010, 1012 [1997]), including physician reports, chiropractic records, MRI reports, and an affidavit from his treating

▬▬▬▬▬▬▬▬▬▬▬

chiropractor. That evidence was sufficient to raise triable issues of fact whether plaintiff sustained a serious injury under the significant limitation of use and permanent consequential limitation of use categories of serious injury (*see Brannan v Brownsell*, 23 AD3d 1106, 1107 [2005]; *Parkhill v Cleary*, 305 AD2d 1088, 1089 [2003]; *see also Pittman v Rickard*, 295 AD2d 1003, 1003-1004 [2002]). We therefore further modify the order accordingly. Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.