# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**969**

**CA 13-00238**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

GLENN B. SUMMERS, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

PETER A. SPADA AND BARBARA ANN SPADA,
DEFENDANTS-APPELLANTS.

---

ADAMS, HANSON, REGO, CARLIN, HUGHES, KAPLAN & FISHBEIN, WILLIAMSVILLE (BETHANY A. RUBIN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (THOMAS J. LANG OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered May 8, 2012. The order, among other things, denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle he was driving collided with a vehicle owned by defendant Barbara Ann Spada and operated by defendant Peter A. Spada. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). We note at the outset that, although plaintiff failed to allege in his bill of particulars that he sustained a serious injury under any of the categories set forth in the statute, the parties addressed the permanent consequential limitation of use, significant limitation of use and 90/180-day categories in their motion papers and briefs on appeal, and we likewise address those categories.

Supreme Court properly denied the motion. Defendants' own submissions in support of the motion raise triable issues of fact whether plaintiff sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories. The physician who conducted independent medical examinations of plaintiff concurred with the reports of imaging studies of plaintiff's spine, which provided the requisite objective evidence of injury (*see generally Toure v Avis Rent A Car Sys*., 98 NY2d 345, 350), and he further provided a "designation of a numeric percentage of . . . plaintiff's loss of range of motion [that] can be used to substantiate a claim of serious injury" (*id.; see Matte v*

*Hall*, 20 AD3d 898, 899).  The physician's conclusion that the abnormalities in plaintiff's imaging studies are age-related and unrelated to the accident is inconsistent with his contemporaneous conclusion that plaintiff "has no medical condition not related to the accident" and is thus insufficient to establish defendants' entitlement to judgment on the issue of causation (*see generally Jackson v Leung*, 99 AD3d 489, 489; *McCree v Sam Trans Corp.*, 82 AD3d 601, 601).

Defendants also failed to meet their burden with respect to the 90/180-day category of serious injury inasmuch as defendants' own submissions also raise triable issues of fact with respect to that category (*see Zeigler v Ramadhan*, 5 AD3d 1080, 1081).  The employment and medical records submitted by defendants indicate that, during the two years following the accident, plaintiff was absent from work or his duties were significantly restricted at the direction of his treating chiropractor (*see Matte*, 20 AD3d at 899; *see also Limardi v McLeod*, 100 AD3d 1375, 1377; *Sewell v Kaplan*, 298 AD2d 840, 841-842).  In light of defendants' failure to meet their initial burden on the motion, there is no need to consider the sufficiency of plaintiff's opposition thereto (*see Matte*, 20 AD3d at 899).

Entered:  September 27, 2013					Frances E. Cafarell
											Clerk of the Court