# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**286**
**CA 15-00730**
PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

TYSHAWN J. WILLIAMS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

LAVALRA M. JONES, DEFENDANT-RESPONDENT.

---

LOUIS ROSADO, BUFFALO, FOR PLAINTIFF-APPELLANT.

HAGELIN KENT LLC, BUFFALO (BRENT C. SEYMOUR OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John F.
O'Donnell, J.), entered May 9, 2014.  The order, insofar as appealed
from, granted the motion of defendant for summary judgment and
dismissed the complaint.

It is hereby ORDERED that the order so appealed from is modified
on the law by denying the motion in part and reinstating the complaint
with respect to the 90/180-day category of serious injury within the
meaning of Insurance Law § 5102 (d) and as modified the order is
affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries he sustained in a motor vehicle accident that occurred when
defendant tried to turn left in front of plaintiff's oncoming vehicle.
Supreme Court granted defendant's motion for summary judgment
dismissing the complaint on the ground that plaintiff did not sustain
a serious injury within the meaning of Insurance Law § 5102 (d), and
plaintiff appeals.

To the extent that plaintiff contends that he sustained a serious
injury under the permanent loss of use category, that contention is
not properly before us because it is raised for the first time on
appeal (*see Verkey v Hebard*, 99 AD3d 1205, 1206).  In any event, we
conclude that the contention is without merit inasmuch as the record
establishes that plaintiff did not sustain a "total" loss of use of
his cervical spine (*Oberly v Bangs Ambulance*, 96 NY2d 295, 299; *see
Constantine v Serafin*, 16 AD3d 1145, 1145-1146).

We reject plaintiff's contention that there is a triable issue of
fact whether he sustained a serious injury under the permanent
consequential limitation of use and significant limitation of use
categories.  Defendant met her burden on the motion with respect to
those categories by submitting evidence that plaintiff sustained only

a temporary cervical strain, rather than any significant injury to his nervous system or spine, as a result of the accident (*see Jones v Leffel*, 125 AD3d 1451, 1452; *Parkhill v Cleary*, 305 AD2d 1088, 1089; *see generally Gaddy v Eyler*, 79 NY2d 955, 956-957).  In opposition to the motion, plaintiff failed to provide a qualitative or quantitative assessment demonstrating the seriousness of his injuries and thus failed to raise a triable issue of fact as to either of those two categories (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351; *Bleier v Mulvey*, 126 AD3d 1323, 1324).

We agree with plaintiff, however, that the court erred in granting defendant's motion with respect to the claim of a serious injury under the 90/180-day category, i.e., a medically determined injury or impairment of a nonpermanent nature that prevented him from performing substantially all of his usual and customary daily activities for 90 of the 180 days after the accident (*see* Insurance Law § 5102 [d]).  We therefore modify the order accordingly.  Even assuming, arguendo, that defendant met her initial burden of establishing as a matter of law that plaintiff did not sustain the requisite medically determined injury (*cf. Zeigler v Ramadhan*, 5 AD3d 1080, 1081), we conclude that plaintiff raised triable issues of fact through the affirmed report of his treating physician, who described objective MRI findings that included a disc bulge and asserted that plaintiff had sustained a "chronic/recurrent acute cervical strain/sprain with cervical disc injury" that was causally related to the accident (*see Rissew v Smith*, 89 AD3d 1383, 1384; *Mancuso v Collins*, 32 AD3d 1325, 1326; *cf. Nitti v Clerrico*, 98 NY2d 345, 357).  We further conclude that defendant failed to establish as a matter of law that plaintiff "was not 'curtailed from performing [his] usual activities to a great extent rather than some slight curtailment' " during the time period at issue (*O'Neal v Cancilla*, 294 AD2d 921, 922, quoting *Licari v Elliott*, 57 NY2d 230, 236; *see Summers v Spada*, 109 AD3d 1192, 1193; *Zeigler*, 5 AD3d at 1081; *Cummings v Riedy*, 4 AD3d 811, 813).

We cannot agree with the dissent that plaintiff's submissions failed to raise an issue of fact concerning the alleged causal relationship between the accident and his limitations during the ensuing 180 days.  One of plaintiff's medical records from the period at issue states that, "[b]ased on [plaintiff's] reports and [his] medical providers'] clinical findings," plaintiff was suffering from a temporary total disability and was to remain off work pending a further evaluation, and we therefore conclude that this is not a case in which contemporaneous medical records contain no reference to any limitations on the plaintiff's daily activities (*cf. Womack v Wilhelm*, 96 AD3d 1308, 1310).  Moreover, plaintiff was 20 years old at the time of the accident, with no preexisting injuries, and, as noted above, the physician who treated plaintiff after the accident asserted that he had sustained a causally related cervical disc injury.  In our view, when a plaintiff presents objective evidence of a medically determined injury along with evidence that a medical provider placed restrictions on his or her daily activities, and there is no apparent explanation unrelated to the accident for those restrictions (*cf. Dongelewic v Marcus*, 6 AD3d 943, 945; *Kimball v Baker*, 174 AD2d 925,

927), it cannot be said as a matter of law that causation is lacking or that the plaintiff's limitations are based solely on subjective pain (*see generally Perl v Meher*, 18 NY3d 208, 215), particularly given that the nonmoving party must be afforded the benefit of every reasonable inference on a motion for summary judgment (*see e.g. Houston v McNeilus Truck & Mfg., Inc.*, 124 AD3d 1210, 1211).

Plaintiff's further contention that the court erred in denying his cross motion for partial summary judgment on the issue of defendant's negligence is beyond the scope of his notice of appeal, which encompassed only that part of the court's order granting defendant's motion (*see Kolodziej v Savarese*, 88 AD3d 851, 852; *see generally Johnson v Transportation Group, Inc.*, 27 AD3d 1135, 1135). We decline to exercise our discretion to reach beyond the scope of the notice of appeal (*see Canandaigua Emergency Squad, Inc. v Rochester Area Health Maintenance Org., Inc.*, 130 AD3d 1530, 1531; *cf. Mesler v PODD LLC*, 89 AD3d 1533, 1534; *see generally McSparron v McSparron*, 87 NY2d 275, 282, *rearg dismissed* 88 NY2d 816).

All concur except CARNI and DEJOSEPH, JJ., who dissent and vote to affirm in the following memorandum:  We respectfully dissent because we cannot agree with the majority's conclusion that Supreme Court erred in granting that part of defendant's motion for summary judgment seeking to dismiss plaintiff's claim of a serious injury under the 90/180-day category set forth in Insurance Law § 5102 (d).  We would therefore affirm the order granting summary judgment dismissing the complaint.

We conclude that defendant met her initial burden on the motion of establishing as a matter of law that plaintiff did not sustain a serious injury under the 90/180-day category by submitting, inter alia, plaintiff's deposition testimony and the affirmed report of the physician who conducted an independent medical examination (IME) for defendant.

Plaintiff testified that he did not work during the first six months after the accident.  He also noted that, prior to the accident, he played basketball three times per week, but within the first six months after the accident he played much less, i.e., "here and there," "probably . . . once a week."  Plaintiff also testified that he continued to help his mother around the house, "but not as much as he used to."  In our view, it is not dispositive that plaintiff was out of work for more than 90 days following the accident (*see Ahmed v Cannon*, 129 AD3d 645, 647; *Davis v Cottrell*, 101 AD3d 1300, 1303; *Bailey v Islam*, 99 AD3d 633, 634; *Simpson v Montag*, 81 AD3d 547, 548; *Blake v Portexit Corp.*, 69 AD3d 426, 426).  In addition, even though plaintiff was unable to do certain household chores and could not play basketball as much as he used to, we conclude that those restrictions do not equate to being unable to perform substantially all of the material acts which constitute his usual and customary daily activities for 90 out of 180 days following the accident (*see Gaddy v Eyler*, 79 NY2d 955, 958; *Omar v Goodman*, 295 AD2d 413, 414). Moreover, the restrictions listed by plaintiff are simply not supported by any medical evidence in the record (*see Blake*, 69 AD3d at

426-427).

   The IME physician acknowledged in his report that plaintiff was out of work for six months after the accident, but he also noted that plaintiff's medical records established that his cervical flexion and extension were full during this time period and that plaintiff was maintained on disability based only on his own subjective complaints. The IME physician opined that, although plaintiff sustained an acute cervical strain as a result of the accident, he did not sustain any type of injury that would have incapacitated him from work and/or his routine activities for a prolonged period of time.  In our view, "[t]he [IME] physician described his review of [plaintiff's] medical records from the relevant [90/180-day] time period and set forth his conclusions with respect to those records" and, thus, we conclude that the IME physician's affirmed report was sufficient to satisfy defendant's initial burden (*Alcombrack v Swarts*, 49 AD3d 1170, 1172).

   We further conclude that plaintiff failed to raise a triable issue of fact in opposition to that part of defendant's motion concerning the 90/180-day category of serious injury (*see generally Zuckerman v City of New York*, 59 NY2d 557, 562).  Plaintiff failed to provide a link between the alleged injuries and the alleged curtailment on his activities, including work (*see Womack v Wilhelm*, 96 AD3d 1308, 1311; *Blanchard v Wilcox*, 283 AD2d 821, 824).  "It was incumbent upon plaintiff to present medical evidence that [his] injuries from the automobile accident were the cause of [his] disability over the applicable period" (*Kimball v Baker*, 174 AD2d 925, 927).  Even if we were to agree with the majority that the June 9, 2010 MRI findings—which were obtained 110 days after the accident—constituted the requisite objective evidence, plaintiff clearly failed to establish that his "restrictions were medically indicated and causally related to the accident" (*Calucci v Baker*, 299 AD2d 897, 898; *see Dann v Yeh*, 55 AD3d 1439, 1441).  "Notably, none of the plaintiff's medical records from within the initial 180-day time period following the accident referenced any limitations on [his] usual daily activities" (*Womack*, 96 AD3d at 1311).  The majority's reliance on a June 7, 2010 medical note – which came 108 days after the accident – indicating that plaintiff "will remain off work" is similarly misplaced.  Even if plaintiff's physician pulled plaintiff out of work, "it cannot be determined from [the record] whether that direction was given in response to an objective medical problem or was made simply in response to plaintiff's complaints of pain" (*Kimball*, 174 AD2d at 927; *see Dongelewic v Marcus*, 6 AD3d 943, 945).

Entered:  May 6, 2016                              Frances E. Cafarell
                                                   Clerk of the Court