■ PABLO TORRES, Appellant, v WABC TOWING CORP. et al., Respondents. (And a Second Third-Party Action.) [724 NYS2d 49] —Judgment, Supreme Court, New York County (Rose Sconiers, J.), entered April 6, 2000, upon a jury verdict, in defendants' favor, unanimously affirmed, without costs.

Plaintiff, a road construction worker, was allegedly injured when his truck was hit in the rear by defendants' tow truck. At the time of the collision, plaintiff had stopped his truck for about 30 seconds to allow his helper to remove warning cones from the roadway. While a rear-end collision presents a prima facie case of negligence, here defendant driver in his duly credited testimony (*see, e.g., Kienzle v McLoughlin*, 202 AD2d 299) adequately explained the collision as having been attributable to causes other than negligence on his part (*see, Sheeler v Blade Contr.*, 262 AD2d 632). He testified that he was traveling below the speed limit when he first observed plaintiff about 50 feet away, stopped around the bend of a downhill curve in the roadway; defendant attempted to change lanes, and, when he could not do so, slammed on his brakes, skidding into plaintiff on the wet pavement.

Although plaintiff maintains that it was reversible error for the trial court to refuse his request that the jury be charged as to Vehicle and Traffic Law § 1129 (a), which commands, *inter alia*, that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent," there was no evidence that the subject accident was the result

of following too closely, or "tailgating" as the practice is commonly known, and, accordingly, the court properly declined to deliver the requested charge (*see, Doolittle v Conklin Brass & Copper Co.,* 103 AD2d 722, 724-725).

Nor did the court err in charging 49 CFR 392.22 and 393.95 notwithstanding defendants' omission of the regulations from their bill of particulars with respect to their comparative negligence defense, since placing the regulations before the jury did not entail its consideration of new factual allegations or new theories of liability (*see, Santiago v New York City Hous. Auth.,* 268 AD2d 203).

Plaintiff's remaining complaints with respect to the charge are not preserved (*see, Rios v Smith,* 95 NY2d 647; *Harvey v Mazal Am. Partners,* 79 NY2d 218, 225) and, in the absence of their preservation, we perceive no adequate justification for their consideration (*compare, Prote Contr. Co. v Board of Educ.,* 276 AD2d 309).

We have considered plaintiff's other arguments and find them unavailing. Concur—Rosenberger, J. P., Mazzarelli, Andrias and Ellerin, JJ.