■ Renita Howell, Appellant, v Trevor D. Holloway, Respondent. [794 NYS2d 259]—

Appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered June 3, 2004 in a personal injury action. The order, insofar as appealed from, granted defendant's cross motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained in a motor vehicle accident for which defendant has conceded he was at fault. Supreme Court erred in granting defendant's cross motion seeking summary judgment dismissing the complaint based on defendant's contention that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). While defendant established his entitlement to summary judgment by refuting the allegations in the complaint as amplified by the amended bill of particulars (see Balnys v Town of New Baltimore, 160 AD2d 1136 [1990]), plaintiff raised issues of fact whether she sustained a serious injury.

Plaintiff submitted objective proof in the form of a physician's affidavit supported by extensive medical records, which established and quantified a degree of limitation of motion in plaintiff's cervical spine and left shoulder and contained the opinion of the physician that the limitations are permanent (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). "Whether a limitation of use or function is 'significant' or 'consequential' (i.e., important) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (Dufel v Green, 84 NY2d 795, 798 [1995] [citation omitted]). Here, based on objective measurements of plaintiff's limitation of movement as well as the subjective complaints of severe, continuous pain, plaintiff raised issues of fact whether she suffered a significant limitation of use, and a permanent consequential limitation of use, of her cervical spine and left shoulder (see Licari v Elliott, 57 NY2d 230, 236 [1982]; Rienzo v La Greco, 11 AD3d 1038, 1039-1040 [2004]). Also, plaintiff established that she was disabled from performing substantially all of her customary and usual daily activities for not less than 90 days during the 180 days immediately following the motor vehicle accident. Plaintiff missed at least four

months of work immediately following the accident because of severe pain and limitation of movement and also provided evidence that her other activities were curtailed to a great extent (*see Zeigler v Ramadhan,* 5 AD3d 1080, 1081 [2004]). Present—Pigott, Jr., P.J., Gorski, Smith, Pine and Lawton, JJ.