■ MARY HERBST et al., Respondents, v MARK MARSHALL, Appellant. (Action No. 1.) MARY HERBST et al., Respondents, v KENNETH F. GOULDING, Respondent. (Action No. 2.) (Appeal No. 1.) [853 NYS2d 518]—

Memorandum: Plaintiffs commenced these actions seeking damages for injuries sustained by Mary Herbst (plaintiff) in two separate motor vehicle accidents. Defendant moved for summary judgment dismissing the complaint against him on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the March 2003 accident. Supreme Court granted the motion in part by dismissing the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. Plaintiffs appeal and defendant cross-appeals from an order that granted the motion of plaintiffs for leave to reargue their opposition to those parts of defendant's motion with respect to the permanent consequential limitation of use and significant limitation of use categories, and upon reargument, adhered to the prior decision. We agree with plaintiffs that the court erred in granting those parts of defendant's motion, and we therefore modify the order accordingly.

Defendant met his initial burden by submitting, inter alia, the report of his examining physician, who stated that there was no objective evidence of a serious injury and that plaintiff sustained only a cervical strain as a result of the March 2003 accident (*see Clark v Perry*, 21 AD3d 1378, 1379 [2005]). In opposition to the motion, however, plaintiffs submitted the affirmation of a radiologist who stated that plaintiff's MRI indicated the presence of bulging discs that were not degenerative in nature. Plaintiffs also submitted the affirmation of plaintiff's treating physician, who relied on the report of plaintiff's physical therapist, which quantified a degree of limitation of range of motion in plaintiff's cervical spine. Plaintiff's treating physician also stated that plaintiff's condition was significant and permanent, and that it was caused by the March 2003 accident. We conclude that plaintiffs thereby raised triable issues of fact with respect to the permanent consequential limitation of use and significant limitation of use categories (*see Clark*, 21 AD3d at

1379; *Howell v Holloway*, 17 AD3d 1117, 1118 [2005]; *Leahey v Fitzgerald*, 1 AD3d 924, 925-926 [2003]; *see generally Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-351 [2002]).

Contrary to the contention of defendant on his cross appeal, we conclude that the court properly denied that part of his motion with respect to the 90/180 category of serious injury. Although defendant established in support of his motion that there was no objective evidence of "a medically determined injury or impairment of a non-permanent nature" (Insurance Law § 5102 [d]), plaintiffs submitted evidence raising a triable issue of fact in that respect (*see generally Nitti v Clerrico*, 98 NY2d 345, 357 [2002]). Plaintiffs also established that plaintiff was unable to perform substantially all of her customary and usual daily activities for not less than 90 days during the 180 days immediately following the March 2003 accident (*see Howell*, 17 AD3d at 1118-1119; *see also Leahey*, 1 AD3d at 926; *see generally Licari v Elliott*, 57 NY2d 230, 236 [1982]). Present—Martoche, J.P., Centra, Lunn, Green and Gorski, JJ.