■ MICHAEL D. BENNETT, Respondent, v LAURA MUNIZ, Individually and as Parent and Natural Guardian of RACHEL A. MUNIZ, an Infant, Appellant. (Appeal No. 1.) [855 NYS2d 386]— Appeal from an order of the Supreme Court, Monroe County (William P. Polito, J.), entered October 11, 2006 in a personal injury action. The order denied defendant's motion for recusal and to set aside the jury verdict and for a new trial.

■ MICHAEL D. BENNETT, Respondent, v LAURA MUNIZ, Individually and as Parent and Natural Guardian of RACHEL A. MUNIZ, an Infant, Appellant. (Appeal No. 3.) [857 NYS2d 828]—

Appeal from a judgment of the Supreme Court, Monroe County (William P. Polito, J.), entered October 26, 2006 in a personal injury action. The judgment awarded plaintiff the total sum of $296,555.75.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law without costs, plaintiff's motion for a directed verdict is denied in part, the verdict is set aside and a new trial is granted on the issues of serious injury, causation and damages.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when the vehicle he was driving collided with a vehicle driven by defendant's daughter. Following a jury trial, judgment was entered awarding plaintiff damages in the amount of $285,000, plus interest, costs and disbursements. We agree with defendant that Supreme Court erred in granting that part of plaintiff's motion for a directed verdict on the issue of serious injury based upon its determination that the injury to plaintiff's ankle constituted a significant limitation of use and a permanent consequential limitation of use as a matter of law within the meaning of Insurance Law § 5102 (d). "In order to direct a verdict in favor of the plaintiff, the court must view the evidence in the light most favorable to the defendant[ ] and conclude [that] 'there is no rational process by which the fact trier could base a finding in favor of' " the defendant (*Pecora v Lawrence*, 28 AD3d 1136, 1137 [2006], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). "Whether a limitation of use or function is 'significant' or 'consequential' (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (*Dufel v Green*, 84 NY2d 795, 798 [1995]; *see Howell v Holloway*, 17 AD3d 1117, 1118 [2005]). Indeed, the Court of Appeals has written that "whether there has been a '*significant*' limitation of use of a body function or system . . . can . . . be a complex, fact-laden determination" (*Pommells v Perez*, 4 NY3d 566, 571 [2005]). Here, the parties presented conflicting evidence with respect to, inter alia, the degree of permanent loss to plaintiff's range of ankle motion, and we conclude on the record before us that there is a triable issue of fact whether the injury to plaintiff's ankle was significant or consequential (*see generally Howell*, 17 AD3d at 1118) and whether plaintiff's back injury was a qualifying serious injury. Present—Hurlbutt, J.P., Smith, Centra, Green and Gorski, JJ.