Memorandum:
Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Michael Rissew (plaintiff) when the motor vehicle operated by plaintiff collided with a ve *1384 hide owned by defendant Trishia Barker and operated by defendant Mark L. Smith. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of the three categories alleged in the complaint, as amplified by the bill of particulars, and Supreme Court denied defendants’ motion.
We agree with defendants that the court erred in denying those parts of the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. Defendants met their initial burden on the motion by submitting, inter alia, “[two] affirmed report[s] of a physician who examined plaintiff . . . and concluded that there was no objective evidence that plaintiff sustained a serious injury as a result of the accident” (Lauffer v Macey, 74 AD3d 1826, 1827 [2010]). In opposition to the motion, plaintiffs failed to raise a triable issue of fact whether plaintiff sustained a serious injury under those two categories (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore modify the order accordingly.
We further conclude, however, that the court properly denied the motion with respect to the 90/180-day category of serious injury. Although defendants established their entitlement to judgment as a matter of law with respect to that category (see generally id.), plaintiffs submitted evidence raising a triable issue of fact whether plaintiff sustained a qualifying injury or impairment thereunder (see Nitti v Clerrico, 98 NY2d 345, 357 [2002]). Specifically, plaintiffs submitted the affidavit and records of plaintiffs chiropractor demonstrating, inter alia, that plaintiff sustained a loss of range of motion in his cervical and lumbar spine and localized edema in his cervical spine and muscle spasms, and the detection of spasms through cervical palpation constitutes medically objective evidence of plaintiffs injury (see id.; Pugh v DeSantis, 37 AD3d 1026, 1028 [2007]). Plaintiffs also established that plaintiff was unable to perform substantially all of his customary and usual activities for not less than 90 days during the 180 days immediately following the accident at issue (see generally Herbst v Marshall [appeal No. 2], 49 AD3d 1194, 1196 [2008]).
All concur except Martoche, J., who dissents in part and votes to reverse the order insofar as appealed from in accordance with the following memorandum.