# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1348**
**CA 11-01405**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

MARK AUSTIN, PLAINTIFF-RESPONDENT,

V                                          MEMORANDUM AND ORDER

RENT A CENTER EAST, INC. AND JOSH R. ARNOLD,
DEFENDANTS-APPELLANTS.

---

HODGSON RUSS LLP, ALBANY (CHRISTIAN J. SOLLER OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

FARACI LANGE, LLP, ROCHESTER (CAROL A. MCKENNA OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wayne County (Daniel G. Barrett, A.J.), entered April 7, 2011 in a personal injury action. The order denied the motion of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle he was driving collided with a vehicle owned by defendant Rent A Center East, Inc. and operated by defendant Josh R. Arnold. In his bill of particulars, plaintiff alleged that he sustained a serious injury under the permanent loss of use, permanent consequential limitation of use, significant limitation of use, and 90/180-day categories set forth in Insurance Law § 5102 (d), but plaintiff has now abandoned his contention with respect to permanent loss of use (*see Ciesinski v Town of Aurora*, 202 AD2d 984). We conclude that Supreme Court properly denied defendants' motion seeking summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the accident within the meaning of the three remaining categories.

Defendants met their initial burden on the motion by establishing that plaintiff's alleged injuries did not meet the serious injury threshold under any of the three categories (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 351-353). Defendants submitted, inter alia, the affirmation of an orthopedic surgeon who, after reviewing plaintiff's medical records and radiological studies and conducting an examination of plaintiff, opined that there was no objective evidence of a serious injury caused by the motor vehicle accident (*see Herbst v Marshall* [appeal No. 2], 49 AD3d 1194, 1195; *Zeigler v Ramadhan*, 5

AD3d 1080, 1081; *Sewell v Kaplan*, 298 AD2d 840).  The surgeon further opined that the degenerative changes to plaintiff's cervical and thoracic spine revealed in X rays and an MRI preexisted the motor vehicle accident.

In opposition to the motion, however, plaintiff raised triable issues of fact whether he sustained a serious injury under each of the three categories (*see Herbst*, 49 AD3d at 1195-1196; *see generally Testa v Allen*, 289 AD2d 958).  Plaintiff submitted the affirmation of his treating orthopedic surgeon, who reviewed the results of X rays and an MRI and opined that plaintiff sustained a cervical whiplash injury, a cervical sprain, and a thoracic sprain in the accident.  He further opined that the accident aggravated and exacerbated plaintiff's preexisting, asymptomatic degenerative disease in his cervical and thoracic spine, including disc protrusions at C5-6, C6-7 and T4-5.  According to plaintiff's treating orthopedic surgeon, the aggravation of plaintiff's preexisting cervical and thoracic degenerative disease was the cause of his chronic pain, muscle spasms, and range of motion restrictions, all of which prevented plaintiff from, inter alia, working as a rural mail carrier.  He opined that plaintiff's limitations were permanent in nature.

Further, plaintiff submitted his medical records and the depositions of his primary care providers establishing that, prior to the accident, he had no back or neck complaints (*see Perl v Meher*, ___ NY2d ___, ___ [Nov. 22, 2011]).  Plaintiff's medical records also reflect the presence of spasms upon palpation of plaintiff's thoracic spine, which constitutes objective evidence of injury (*see Rissew v Smith*, 89 AD3d 1383; *Mancuso v Collins*, 32 AD3d 1325, 1325-1326; *Zeigler*, 5 AD3d at 1081).  In addition, plaintiff submitted reports from several medical providers that quantified his loss of range of cervical and thoracic motion (*see Mancuso*, 32 AD3d at 1326).  Indeed, a functional capacity evaluation conducted in December 2007 quantified plaintiff's range of motion restrictions and indicated that plaintiff was unable to perform bending and squatting activities without support and could lift only 10 pounds on a frequent basis or 15 pounds on an occasional basis.  With respect to the 90/180-day category, plaintiff did not return to work after the accident upon the direction of his treating physicians and, thus, plaintiff's submissions raise an issue of fact whether he was prevented from performing his usual and customary activities during the requisite time period (*see Zeigler*, 5 AD3d at 1081; *Sewell*, 298 AD2d at 841-842).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court