# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1264**
**CA 15-00504**
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THOMAS J. ARMELLA, PLAINTIFF-APPELLANT,

V                                                          MEMORANDUM AND ORDER

ROBERT E. OLSON, DEFENDANT-RESPONDENT.

---

CAMPBELL & SHELTON LLP, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR PLAINTIFF-APPELLANT.

LAW OFFICES OF JOHN WALLACE, BUFFALO (BETSY F. VISCO OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered June 12, 2014. The order, among other things, granted defendant's motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his vehicle was struck from behind by a third party's vehicle that had been struck by defendant's vehicle. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff opposed the motion only with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury alleged in the complaint, as amplified by the bill of particulars, and has therefore abandoned his claims with respect to the other categories of serious injury (see *Oberly v Bangs Ambulance*, 96 NY2d 295, 297; *Feggins v Fagard*, 52 AD3d 1221, 1222). We agree with plaintiff that Supreme Court erred in granting the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury, and we therefore modify the order accordingly. Even assuming, arguendo, that defendant met his initial burden, we conclude that plaintiff raised triable issues of fact with respect to those two categories (see *Austin v Rent A Ctr. E., Inc.*, 90 AD3d 1542, 1543). Plaintiff submitted the affidavit of his treating

physician, who reviewed plaintiff's cervical MRI and opined that plaintiff sustained a cervical whiplash superimposed on a degenerative cervical spine and at least two levels of cervical herniations.  His physical examination of plaintiff revealed muscle spasms, which constitute objective evidence of injury (*see id.* at 1544), and plaintiff's range of motion was limited to a moderate or marked degree.  He opined that, given plaintiff's absence of any prior neck pain, stiffness, or radiculopathy prior to the accident, the accident was a substantial factor in causing previously asymptomatic degenerative conditions in plaintiff's spine to become symptomatic, and in causing plaintiff's neck pain, stiffness, spasms, and restricted range of motion.  "It is well settled that the aggravation of an asymptomatic condition can constitute a serious injury" (*Verkey v Hebard*, 99 AD3d 1205, 1206).

Entered:  December 23, 2015                          Frances E. Cafarell
                                                     Clerk of the Court