# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**451**
**CA 15-01777**
PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

SARAHANN GATTI AND NATHAN GATTI,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

RODGER J. SCHWAB, DEFENDANT-APPELLANT.

---

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (JOHN R. CONDREN OF COUNSEL), FOR DEFENDANT-APPELLANT.

KLOSS, STENGER & LOTEMPIO, BUFFALO (MITCHELL M. STENGER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 20, 2015. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint, as amplified by the bill of particulars, with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.

Memorandum: In this action to recover damages for serious injuries allegedly sustained by Sarahann Gatti (plaintiff) in a motor vehicle accident on December 17, 2012, defendant appeals from an order denying his motion for summary judgment dismissing the complaint. Defendant sought such relief on the ground that plaintiff's claimed spinal injuries were a result not of that accident, but of a work-related motor vehicle accident that occurred on November 30, 2012. We note at the outset that, in opposition to the motion, plaintiff abandoned her claim of serious injury with respect to the 90/180-day category of Insurance Law § 5102 (d) (*see Armella v Olson*, 134 AD3d 1412, 1413), and we thus modify the order by granting defendant's motion with respect to that category.

We otherwise conclude that Supreme Court properly denied the motion with respect to the remaining two categories of serious injury alleged by plaintiffs in their bill of particulars. Defendant established his entitlement to judgment as a matter of law with regard to whether plaintiff, as a result of the subject accident, sustained a permanent consequential limitation of use or a significant limitation of use of her cervical and lumbar spine (*see Hartman-Jweid v*

*Overbaugh*, 70 AD3d 1399, 1400; *Anania v Verdgeline*, 45 AD3d 1473, 1474; *see generally Carrasco v Mendez*, 4 NY3d 566, 578-580). Defendant submitted, among other evidence, the testimony of plaintiff's treating orthopedic surgeon before the Workers' Compensation Board.  That testimony was to the effect that plaintiff's cervical and lumbar injuries were 100% attributable to the November 30, 2012 accident and thus were preexisting (*see Carrasco*, 4 NY3d at 579-580).

In opposition to the motion, however, plaintiffs raised a triable issue of fact with respect to defendant's claim of lack of causation (*see Harrity v Leone*, 93 AD3d 1204, 1206; *Schader v Woyciesjes*, 55 AD3d 1292, 1293).  In his affirmation, plaintiff's treating surgeon directly and adequately addressed the matter of causation, opining that the subject collision was the sole cause of plaintiff's C6-7 disc injury, and the cause of an aggravation of her previously sustained neck and lower back injuries.  That affirmation also set forth the medical evidence that supported the treating surgeon's evolving opinion as to causation (*see Harrity*, 93 AD3d at 1206).  Defendant's challenges to the opinions of plaintiff's surgeon raise issues for the trier of fact (*see generally Cooper v City of Rochester*, 16 AD3d 1117, 1118; *Gedon v Bri-Lyn Hosps.*, 286 AD2d 892, 894, *lv denied* 98 NY2d 601).  Indeed, it is well settled that "[t]he court may not weigh the credibility of the affiants on a motion for summary judgment unless it clearly appears that the issues are not genuine, but feigned" (*Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441; *see Cook v Peterson*, 137 AD3d 1594, 1597).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court