Appeal and cross appeal from an order of the Supreme Court, Erie County (John F. O’Donnell, J.), entered March 6, 2017. The order denied the motion of defendants for summary judgment dismissing the complaint and denied the cross motion of plaintiff for partial summary judgment on the issue of negligence.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained when the vehicle she was driving was struck from behind by a vehicle driven by defendant Darnell A. Thomas. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the accident within the meaning of the three categories of serious injury alleged by her (see Insurance Law § 5102 [d]), and plaintiff cross-moved for partial summary judgment on the issue of negligence. Supreme Court denied defendants’ motion and plaintiffs cross motion. Defendants appeal and plaintiff cross-appeals, and we affirm.
 

 We agree with plaintiff on defendants’ appeal that the court properly denied defendants’ motion because they failed to meet their initial burden of establishing that plaintiff’s injuries were not caused by the accident. Defendants contended with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury alleged by plaintiff that such injuries were preexisting, having resulted from a previous motor vehicle accident. Although defendants’ expert ultimately opined in his report that plaintiff’s injuries were not causally related to the accident, that report relies on plaintiff’s medical records, which conclude that plaintiff sustained injuries that were causally related to the collision. The report also noted the quantitative assessments of plaintiff’s physicians with respect to her limited range of motion in her cervical and lumbar spine after the accident. Thus, defendants failed to eliminate all issues of fact with respect to whether plaintiff sustained serious injuries that were causally related to the accident under those two categories (see Croisdale v Weed, 139 AD3d 1363, 1364 [4th Dept 2016]; Nyhlen v Giles, 138 AD3d 1428, 1429 [4th Dept 2016]; Houston v Geerlings, 83 AD3d 1448, 1450 [4th Dept 2011]).
 

 We further conclude that defendants failed to establish their entitlement to judgment as a matter of law on the third category of serious injury alleged by plaintiff, i.e., the 90/180-day category, inasmuch as “[t]he examination [ ] by defendants’ physician! ] took place well after the relevant 180-day period, [he] did not opine about plaintiff’s condition during that period, and defendants submitted no other evidence refuting plaintiff’s claim that, as a result of her injuries, she . . . was unable” to perform household chores, cook, or shovel light snow following the accident (Steele v Santana, 125 AD3d 523, 524 [1st Dept 2015]; see Summers v Spada, 109 AD3d 1192, 1193 [4th Dept 2013]). In any event, plaintiff’s deposition testimony, which was submitted by defendants in support of their motion, establishes that there is an issue of fact whether plaintiff could perform substantially all of her activities of daily living for not less than 90 days during the 180 days immediately following the occurrence of her injuries (see Durante v Hogan, 137 AD3d 1677, 1678 [4th Dept 2016]). In light of defendants’ failure to meet their initial burden on the motion, there is no need to consider the sufficiency of plaintiff’s opposition thereto (see Thomas v Huh, 115 AD3d 1225, 1226 [4th Dept 2014]).
 

 The court also properly denied plaintiff’s cross motion. It is well settled that a rear-end collision establishes a prima facie case of negligence on the part of the driver of the rear vehicle and, in order to rebut the presumption of negligence, the driver of the rear vehicle must submit a nonnegligent explanation for the collision (see Shulga v Ashcroft, 11 AD3d 893, 894 [4th Dept 2004]). Here, there is evidence in the record that plaintiff stopped her vehicle suddenly, which is sufficient to overcome the inference of negligence and preclude an award of summary judgment (see Zhock v Gietz, 145 AD3d 1521, 1522 [4th Dept 2016]).
 

 Present—Smith, J.P., Carni, Lindley, Curran and Trout-man, JJ.