Burns v Kroening (2018 NY Slip Op 06386)





Burns v Kroening


2018 NY Slip Op 06386


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


983 CA 18-00603

[*1]SUSAN M. BURNS, PLAINTIFF-RESPONDENT,
v
JANE M. KROENING, DEFENDANT-APPELLANT. 






FITZGERALD & ROLLER, P.C., BUFFALO (DEREK J. ROLLER OF COUNSEL), FOR DEFENDANT-APPELLANT.
PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM A. QUINLAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered December 22, 2017. The order granted that part of the cross motion of plaintiff seeking summary judgment on the issue of defendant's negligence, granted the cross motion of plaintiff to amend her bill of particulars and denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting defendant's motion in part and dismissing the complaint, as amplified by the amended bill of particulars dated November 6, 2017, with respect to the significant limitation of use and permanent consequential limitation of use categories of serious injury within the meaning of Insurance Law
§ 5102 (d) and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained in a motor vehicle accident in a parking lot. We reject defendant's contention that Supreme Court abused its discretion in granting plaintiff's cross motion seeking leave to amend the bill of particulars to allege that she sustained a serious injury under the 90/180-day category (see Ellis v Emerson, 34 AD3d 1334, 1336 [4th Dept 2006]). Plaintiff's cross motion was made before a note of issue was filed (cf. Stewart v Dunkleman, 128 AD3d 1338, 1339-1340 [4th Dept 2015], lv denied 26 NY3d 902 [2015]), and it is well settled that leave to amend a bill of particulars shall be freely granted (see Scarangello v State of New York, 111 AD2d 798, 799 [2d Dept 1985]; Cardy v Frey, 86 AD2d 968, 969 [4th Dept 1982]; see generally CPLR 3025 [b]).
With respect to defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), we note that plaintiff opposed only those parts of the motion concerning the fracture and 90/180-day categories. Plaintiff has therefore abandoned her claims with respect to the significant limitation of use and permanent consequential limitation of use categories of serious injury (see Oberly v Bangs Ambulance, 96 NY2d 295, 297 [2001]; Gatti v Schwab, 140 AD3d 1640, 1640 [4th Dept 2016]; Feggins v Fagard, 52 AD3d 1221, 1222 [4th Dept 2008]). Thus, we modify the order by granting defendant's motion with respect to those categories.
We reject defendant's contention that the court erred in denying her motion with respect to the fracture category of serious injury. Defendant failed to meet her initial burden of establishing that plaintiff's alleged thumb fracture was not related to the accident (see Kolios v Znack, 237 AD2d 333, 333 [2d Dept 1997]). In any event, plaintiff raised a triable issue of fact through the affirmation of her treating physician, who opined that the thumb fracture was causally related to the accident (see Haddadnia v Saville, 29 AD3d 1211, 1212 [3d Dept 2006]). Defendant also failed to meet her initial burden with respect to the 90/180-day category (see James v Thomas, 156 AD3d 1440, 1441 [4th Dept 2017]; see also Hartley v White, 63 AD3d [*2]1689, 1690 [4th Dept 2009]). Defendant's brief focuses on plaintiff's proof submitted in support of her cross motion for summary judgment with respect to the issue of serious injury, but the court denied that part of the cross motion and plaintiff did not appeal. Inasmuch as defendant failed to meet her initial burden of demonstrating entitlement to judgment as a matter of law with respect to the 90/180-day category, the burden never shifted to plaintiff to demonstrate the existence of material issues of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court