Deering v Prosser (2020 NY Slip Op 02413)





Deering v Prosser


2020 NY Slip Op 02413


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


313 CA 19-00954

[*1]PATRICK DEERING, PLAINTIFF-APPELLANT,
v
ROBERTA PROSSER, DEFENDANT-RESPONDENT AND KYLE MULLEN, DEFENDANT.






GROSS SHUMAN, P.C., BUFFALO (KATHERINE LIEBNER OF COUNSEL), AND SMALL LAW FIRM, FOR PLAINTIFF-APPELLANT. 
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Frank Caruso, J.), entered April 4, 2019. The order and judgment, among other things, denied in part the cross motion of plaintiff for summary judgment and granted the motion of defendant Roberta Prosser for summary judgment dismissing the complaint against her. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying the motion of defendant Roberta Prosser and reinstating the complaint against her, and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained in a motor vehicle accident. Plaintiff alleged that he sustained, inter alia, back injuries and claimed a serious injury under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories of serious injury (see Insurance Law § 5102 [d]). Defendant Kyle Mullen moved for summary judgment dismissing the complaint against him, plaintiff cross-moved for, inter alia, summary judgment on the issues of negligence and serious injury, and Roberta Prosser (defendant) moved for summary judgment dismissing the complaint against her on the ground that plaintiff did not sustain a serious injury. Supreme Court granted Mullen's motion and dismissed the complaint against him, granted that part of plaintiff's cross motion on the issue of defendant's negligence, and granted defendant's motion and dismissed the complaint against her. Plaintiff now appeals from the order and judgment insofar as it denied his cross motion with respect to the issue of serious injury and granted defendant's motion.
Contrary to plaintiff's contention, he did not meet his initial burden on the cross motion of establishing that he sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories of serious injury (see Savilo v Denner, 170 AD3d 1570, 1570 [4th Dept 2019]). "[A] plaintiff may not recover under the permanent consequential limitation of use and significant limitation of use categories where there is persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition" (id. at 1571 [internal quotation marks omitted]). In support of his cross motion, plaintiff submitted the report of Mullen's expert who examined plaintiff and opined that plaintiff had only mild limitations and degenerative disc disease. He found no objective evidence of any acute injury sustained as a result of the accident and found no objective evidence that the accident aggravated plaintiff's preexisting back condition. Thus, regardless of the remainder of plaintiff's submissions in support of his cross motion, that report raises at least a triable issue of fact whether plaintiff sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories as a result of the accident (see generally Ehlers v Byrnes, 147 AD3d 1465, 1465 [4th Dept 2017]; Briody v Melecio, 91 AD3d 1328, 1329 [4th Dept 2012]).
We agree with plaintiff, however, that the court erred in granting defendant's motion with respect to those two categories of serious injury, and we therefore modify the order and judgment accordingly. In support of her motion, defendant simply relied upon plaintiff's deposition testimony "and other admissible evidence submitted to" the court on Mullen's motion and plaintiff's cross motion. That "admissible evidence" included Mullen's expert report, described above, but it also included the affidavit of plaintiff's treating chiropractor, which was submitted by plaintiff in support of his cross motion. The chiropractor adequately addressed the opinion of Mullen's expert that plaintiff's injuries were not caused by the accident (cf. Woodward v Ciamaricone, 175 AD3d 942, 944 [4th Dept 2019]; see generally Carrasco v Mendez, 4 NY3d 566, 580 [2005]). Indeed, he addressed plaintiff's preexisting back condition and opined that the accident aggravated it. He further opined that plaintiff sustained an "acute/symptomatic disc injury" as a result of the accident and explained how plaintiff's symptoms and limitations before and after the accident were different. Defendant thus failed to meet the initial burden on her motion of establishing that plaintiff's back injury was not causally related to the accident inasmuch as her own submissions raised a triable issue of fact with respect thereto (see generally Cuyler v Allstate Ins. Co., 175 AD3d 1053, 1053-1054 [4th Dept 2019]).
Defendant further failed to meet her initial burden of establishing that plaintiff did not sustain a serious injury under the permanent consequential limitation of use and significant limitation of use categories. Plaintiff's chiropractor set forth objective evidence of an injury in those categories (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]), i.e., a positive straight leg raise test (see Harrity v Leone, 93 AD3d 1204, 1206 [4th Dept 2012]) and muscle spasms (see Limardi v McLeod, 100 AD3d 1375, 1376-1377 [4th Dept 2012]; Harrity, 93 AD3d at 1206). Defendant's submissions also raised a triable issue of fact whether plaintiff's alleged limitations and injuries were significant and consequential (see Cuyler, 175 AD3d at 1054). A significant limitation of use is "something more than a minor limitation of use" (Licari v Elliott, 57 NY2d 230, 236 [1982]). In plaintiff's affidavit, which was part of the "admissible evidence submitted" to the court, he described all of the landscaping work that he was able to do at his job before the accident that he was unable to do after the accident. He also testified regarding those limitations during his deposition testimony. Plaintiff's chiropractor noted plaintiff's limitations at work, as well as the fact that plaintiff had difficulty standing more than 30 minutes. He further reported that plaintiff demonstrated radiculopathy during the physical examination (see Cuyler, 175 AD3d at 1054). Thus, defendant's submissions raised an issue of fact whether plaintiff's limitations and injuries were significant and consequential.
With respect to the 90/180-day category of serious injury, the court properly denied that part of plaintiff's cross motion seeking summary judgment on that category, but erred in granting that part of defendant's motion with respect to that category, and we therefore further modify the order and judgment accordingly. There is a triable issue of fact whether plaintiff "has been curtailed from performing his usual activities to a great extent rather than some slight curtailment" (Licari, 57 NY2d at 236; see James v Thomas, 156 AD3d 1440, 1441 [4th Dept 2017]).
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court