Wisniewski v Jaeger (2020 NY Slip Op 07782)





Wisniewski v Jaeger


2020 NY Slip Op 07782


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1010 CA 19-01787

[*1]JULIE WISNIEWSKI, PLAINTIFF-APPELLANT,
v
GERN JAEGER, DEFENDANT, JOSEPH MARRA AND STEVENS DRIVING SCHOOL, LLC, DEFENDANTS-RESPONDENTS. 






CAMPBELL & ASSOCIATES, EDEN (JASON M. TELAAK OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered September 25, 2019. The order granted the motion of defendants Joseph Marra and Stevens Driving School, LLC for summary judgment dismissing the complaint and all cross claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle in which she was a passenger, which was operated by defendant Gern Jaeger, rear-ended a vehicle operated by defendant Joseph Marra and owned by defendant Stevens Driving School, LLC (collectively, defendants). Contrary to plaintiff's contention, we conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint and all cross claims against them. Defendants established their entitlement to judgment as a matter of law by submitting evidence that Jaeger's vehicle rear-ended defendants' vehicle and that there was no explanation for the accident other than Jaeger's negligence (see Barton v Youmans, 13 AD3d 1151, 1152 [4th Dept 2004]; see generally Ruzycki v Baker, 301 AD2d 48, 50 [4th Dept 2002]). The burden thus shifted to plaintiff to raise an issue of fact, and she failed to do so.
Even if we assume, arguendo, that defendants' vehicle came to a " 'sudden and abrupt stop' " (Johnson v Yarussi Constr., Inc., 74 AD3d 1772, 1773 [4th Dept 2010]), which in some circumstances is sufficient to raise an issue of fact with respect to the negligence of the driver of the lead vehicle in a rear-end collision, there is no dispute in this case that Marra stopped defendants' vehicle in the far right lane in order to yield to an emergency vehicle (see Vehicle and Traffic Law § 1144 [a]; Barton, 13 AD3d at 1152; DiPaola v Scherpich, 239 AD2d 459, 460 [2d Dept 1997]; Gladstone v Hachuel, 225 AD2d 730, 730 [2d Dept 1996], lv dismissed 89 NY2d 982 [1997]). We thus conclude that plaintiff failed to raise an issue of fact whether Marra negligently operated defendants' vehicle.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court