Booth v Carlson (2021 NY Slip Op 03980)





Booth v Carlson


2021 NY Slip Op 03980


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


1165 CA 20-00182

[*1]MICHELLE E. BOOTH, PLAINTIFF-RESPONDENT,
v
JUDY M. CARLSON, DEFENDANT-APPELLANT. 






CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANT-APPELLANT.
CELLINO & BARNES, P.C., BUFFALO (JEANNA M. CELLINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Chautauqua County (James H. Dillon, J.), entered January 7, 2020. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to the permanent loss of use category of serious injury within the meaning of Insurance Law § 5102 (d) and dismissing the complaint, as amplified by the bill of particulars, to that extent,
and as modified the order is affirmed without costs.
Memorandum: In this action to recover damages for injuries allegedly sustained in an automobile accident, defendant appeals from an order that, inter alia, denied those parts of her motion for summary judgment that sought to dismiss the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent loss of use, significant disfigurement, significant limitation of use, or permanent consequential limitation of use categories. We agree with defendant that Supreme Court erred with respect to the permanent loss of use category (see Swift v New York Tr. Auth., 115 AD3d 507, 509 [1st Dept 2014]; Vitez v Shelton, 6 AD3d 1180, 1181 [4th Dept 2004]). We therefore modify the order accordingly. We reject defendant's remaining contentions.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court