Gamblin v Mimi Nam (2021 NY Slip Op 07368)





Gamblin v Mimi Nam


2021 NY Slip Op 07368


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, AND DEJOSEPH, JJ.


850 CA 21-00405

[*1]KATHY GAMBLIN, PLAINTIFF-RESPONDENT-APPELLANT,
v
MIMI NAM AND DONG H. NAM, DEFENDANTS-APPELLANTS-RESPONDENTS. 






LAW OFFICES OF JOHN TROP, ROCHESTER (TIFFANY L. D'ANGELO OF COUNSEL), FOR DEFENDANTS-APPELLANTS-RESPONDENTS.
VANDETTE PENBERTHY LLP, BUFFALO (BRITTANYLEE PENBERTHY OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT.


 Appeal and cross appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 11, 2021. The order granted in part and denied in part the motion of plaintiff for summary judgment and the cross motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion in its entirety, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle in which she was a passenger was struck by a vehicle driven by Mimi Nam (defendant) and owned by Dong H. Nam (collectively, defendants). Specifically, plaintiff alleged in an amended complaint that, as a result of defendant's negligence, the vehicle defendant was driving rear-ended the vehicle in which plaintiff was a passenger, causing plaintiff to sustain serious injuries. Plaintiff moved for summary judgment on the issues of defendant's negligence and whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories, and defendants cross-moved for summary judgment dismissing the amended complaint. Defendants now appeal from an order insofar as it granted plaintiff's motion in part with respect to the issue of negligence and denied the cross motion with respect to that issue. Plaintiff cross-appeals from the same order to the extent that it denied her motion in part with respect to the three abovementioned categories of serious injury and granted the cross motion with respect to the permanent consequential limitation of use category of serious injury.
Initially, we agree with defendants on their appeal that Supreme Court erred in granting plaintiff's motion insofar as it sought summary judgment on the issue of negligence, and we therefore modify the order accordingly. We conclude that the court erred in analyzing this case under the legal framework generally applicable in the context of a rear-end collision, i.e., where there is a presumption of negligence absent the defendant's proffer of a nonnegligent explanation for the collision (see e.g. Wisniewski v Jaeger, 189 AD3d 2129, 2129 [4th Dept 2020]; Rodriguez v First Student, Inc., 163 AD3d 1425, 1427 [4th Dept 2018]). Rather, the court should have applied general negligence principles to determine whether plaintiff met her initial burden on her motion with respect to the issue of defendant's negligence (see generally Edwards v Gorman, 162 AD3d 1480, 1481 [4th Dept 2018]; PJI 2:77). The largely undisputed facts in this case, as set forth in plaintiff's submissions, establish that the subject accident was not the prototypical rear-end collision warranting application of the presumption of negligence. Prior to the accident, plaintiff's daughter was driving the vehicle in which plaintiff was a passenger on an entrance ramp leading to the New York State Thruway when the vehicle suddenly hit a patch of ice, causing it to slide off the road and into a ditch. About 10 minutes later, defendant's vehicle [*2]encountered the same patch of ice on the road, also slid off the road into the ditch, and then struck plaintiff's vehicle from behind. Defendant had no idea that plaintiff's car had even been on the road until the collision occurred.
Under these facts, we conclude that defendant never had any opportunity to keep a safe distance from plaintiff's vehicle (see generally Vehicle and Traffic Law § 1129). Additionally, the facts of this particular case do not implicate the presumption applicable in most rear-end collision cases because there was a "substantial time interval" between when each vehicle encountered the icy condition, slid off the road, and entered the ditch (Holtermann v Conchetti, 295 AD2d 680, 681 [3d Dept 2002]; see Torres v WABC Towing Corp., 282 AD2d 406, 406-407 [1st Dept 2001]). Indeed, unlike most typical rear-end collision cases, this is not a case where two vehicles were essentially driving in tandem down the road in the moments leading up to the accident. Thus, the presumption of negligence does not apply here because it cannot be determined that defendant violated any "duty to maintain a safe distance" between her vehicle and plaintiff's vehicle prior to the accident (Webber v Bleiler, 270 AD2d 933, 934 [4th Dept 2000]; see Kress v Allen, 11 AD3d 985, 986 [4th Dept 2004]; Gubala v Gee, 302 AD2d 911, 912 [4th Dept 2003]), and we conclude that, under general negligence principles, plaintiff failed to meet her initial burden on her motion of establishing defendant's negligence (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Torres-Cummings v Niagara Falls Police Dept., 193 AD3d 1372, 1373 [4th Dept 2021]).
Moreover, even assuming, arguendo, that this case is governed by the rules generally applicable to rear-end collisions (see generally Rodriguez, 163 AD3d at 1427), we conclude that the court should have denied that part of plaintiff's motion on the issue of negligence. Although it is undisputed that defendant's vehicle collided with the rear of plaintiff's vehicle, the parties' submissions raise an issue of fact whether defendant had an adequate nonnegligent explanation for the collision sufficient to rebut the presumption of negligence (see Baldauf v Gambino, 177 AD3d 1307, 1309 [4th Dept 2019]). Specifically, plaintiff and defendant both testified at their depositions that there existed a sudden and unanticipated icy condition on the entrance ramp that caused both vehicles to slide off the road into the ditch where they collided (see id.; Chwojdak v Schunk, 164 AD3d 1630, 1631-1632 [4th Dept 2018]; Dalton v Lucas, 96 AD3d 1648, 1649 [4th Dept 2012]).
For the same reasons, we conclude that, contrary to defendants' further contention on their appeal, the court properly denied their cross motion with respect to the issue of negligence (see Baldauf, 177 AD3d at 1309).
On the issue of serious injury, we conclude that, contrary to the contention of plaintiff on her cross appeal, the court properly denied her motion with respect to the three categories of serious injury in question, and properly granted the cross motion insofar as it sought summary judgment dismissing plaintiff's claim under the permanent consequential limitation of use category. With respect to the significant limitation of use category, " '[w]hether a limitation of use . . . is "significant" . . . relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part' " (Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], rearg denied 98 NY2d 728 [2002]; see Habir v Wilczak, 191 AD3d 1320, 1322 [4th Dept 2021]). We conclude that plaintiff satisfied her initial burden on the motion with respect to that category. Plaintiff submitted an affirmation from an expert who opined that plaintiff sustained cervical and lumbar strains that had not resolved about 10 months after the accident, and also submitted evidence that she had severe muscle spasms, which constitute objective evidence of injury (see Latini v Barwell, 181 AD3d 1305, 1307 [4th Dept 2020]; Armella v Olson, 134 AD3d 1412, 1413 [4th Dept 2015]; Austin v Rent A Ctr. E., Inc., 90 AD3d 1542, 1544 [4th Dept 2011]). Plaintiff further submitted "several reports of tests that produced 'designation[s] of . . . numeric percentage[s] of . . . plaintiff's loss of range of motion' " (Thomas v Huh, 115 AD3d 1225, 1225 [4th Dept 2014]; see Matte v Hall, 20 AD3d 898, 899 [4th Dept 2005]; see generally Toure, 98 NY2d at 350). In opposition to the motion, however, defendants raised a triable issue of fact with respect to the significant limitation of use category "by submitting an affirmation of a radiologist who opined that there was no objective evidence of a serious injury and no showing of any significant injuries" (Habir, 191 AD3d at 1323; see generally Smith v Hamasaki, 173 AD3d 1816, 1817 [4th Dept 2019]). Further, the radiologist opined that plaintiff has sustained only degenerative changes to her spine that are the result of age, rather than traumatic injuries [*3]caused by the accident (see Deering v Prosser, 182 AD3d 1029, 1030 [4th Dept 2020]; see generally Green v Repine, 186 AD3d 1059, 1061 [4th Dept 2020]).
With respect to the permanent consequential limitation of use category, a plaintiff must "submit objective proof of a permanent injury" to establish a qualifying serious injury (McKeon v McLane Co., Inc., 145 AD3d 1459, 1461 [4th Dept 2016]; see Schaubroeck v Moriarty, 162 AD3d 1608, 1610 [4th Dept 2018]). Here, we conclude that defendants met their initial burden on the cross motion with respect to that category "by submitting evidence that plaintiff sustained only a temporary cervical strain, rather than any significant injury to h[er] nervous system or spine, as a result of the accident" (Williams v Jones, 139 AD3d 1346, 1347 [4th Dept 2016]; see Latini, 181 AD3d at 1306; Cook v Peterson, 137 AD3d 1594, 1596 [4th Dept 2016]). We further conclude that plaintiff failed to raise a triable question of fact in opposition with respect to that category because the affidavits submitted by plaintiff fail to establish that any of her injuries were permanent (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Finally, to establish a qualifying serious injury with respect to the 90/180-day category, a plaintiff must establish that he or she was unable to "perform substantially all of [his or] her activities of daily living for not less than 90 days during the 180 days immediately following the occurrence of [his or] her injuries" (James v Thomas, 156 AD3d 1440, 1441 [4th Dept 2017]; see Maurer v Colton [appeal No. 3], 180 AD3d 1371, 1373 [4th Dept 2020]), and that he or she "has been curtailed from performing his [or her] usual activities to a great extent rather than some slight curtailment" (Licari v Elliott, 57 NY2d 230, 236 [1982]; see Deering, 182 AD3d at 1032). "A showing that 'plaintiff may have missed more than 90 days of work is not determinative' " (Savilo v Denner, 170 AD3d 1570, 1571 [4th Dept 2019]). Here, we conclude that plaintiff did not meet her initial burden on her motion with respect to the 90/180-day category because she submitted conflicting evidence concerning whether she could perform her typical daily activities during the relevant time frame. Specifically, she provided evidence establishing that she had been told not to go to work, as well as contradictory expert reports indicating that she could work. Further, plaintiff submitted her own deposition testimony, in which she testified that she was able to cook and clean after the accident. In light of plaintiff's failure to meet her initial burden on the motion with respect to the 90/180-day category, there is no need for us to consider the sufficiency of defendants' opposition to the motion on that issue (see Winegrad, 64 NY2d at 853).
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court