Baeumler v Moses (2022 NY Slip Op 07382)

Baeumler v Moses

2022 NY Slip Op 07382

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

903 CA 21-01578

[*1]RYAN BAEUMLER, PLAINTIFF-RESPONDENT,
v
CONNOR J. MOSES, DEFENDANT-APPELLANT. 

NASH CONNORS, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR DEFENDANT-APPELLANT.
SHAW & SHAW, P.C., HAMBURG (LEONARD D. ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Mark A. Montour, J.), entered October 6, 2021. The order denied defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury under the permanent loss of use category of serious injury within the meaning of Insurance Law § 5102 (d) and that plaintiff sustained a serious injury to his thoracic spine and both shoulders under the permanent consequential limitation of use category, and as modified the order is affirmed without costs.
Memorandum: In this action to recover damages for injuries allegedly sustained in an automobile accident, defendant appeals from an order that denied his motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent loss of use, significant limitation of use, permanent consequential limitation of use, or 90/180-day categories. We agree with defendant that Supreme Court erred in denying the motion with respect to the permanent loss of use category (see Booth v Carlson, 195 AD3d 1594, 1595 [4th Dept 2021]; Swift v New York Tr. Auth., 115 AD3d 507, 509 [1st Dept 2014]) and with respect to the permanent consequential limitation of use category insofar as it relates to plaintiff's thoracic spine and bilateral shoulder injuries (see Gamblin v Nam, 200 AD3d 1610, 1613 [4th Dept 2021]). We therefore modify the order accordingly. We reject defendant's remaining
contentions.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court